IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.                                                                                                           No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Guidance Endodontics, LLC's request for a preliminary injunction. The Court held an evidentiary hearing on December 17 and 18, 2008. The primary issue is whether the court should vacate, continue, or modify the Temporary Restraining Order ("TRO") that the Court entered on December 15, 2008 and made effective on December 16, 2008. Because the additional evidence offered at the hearing on the request for a preliminary injunction does not fundamentally change the conclusions that the Court set forth in the Memorandum Opinion and Order, entered December 15, 2008 (Doc. 30), the Court will grant Guidance's request for a preliminary injunction in part and deny the request in part.

**ANALYSIS**

The additional evidence that the Court has heard for the preliminary injunction does not materially change its earlier analysis.[1] The Court continues to believe that the obturator orders should be filled, but that, even with engineering drawings provided to the Defendants, the Court

---

[1] All parties agreed that the Court could and should consider the record for the TRO as part of its record for the request for a preliminary injunction.

should not order injunctive relief for the V2s. The Court will, however, require Guidance to provide additional security for the preliminary injunction.

## I.     OBTURATORS.

Most of the Defendants' evidence focused on the Defendants' concerns about Guidance's marketing statements. While the Defendants have established their concerns, they have not convinced the Court that the parties carefully drafted the Manufacturing and Supply Agreement to reflect those concerns. The Court is not convinced that the Supply Agreement is as restrictive as the Defendants think that it is.

For example, in section 2.4, Guidance agreed that it would not promote the obturator "for use with any systems offered for sale by TDP [Defendant Tulsa Dental Products, LLC] or any Affiliate of TDP. . . ." Exhibit A, Supply Agreement § 2.4, at 3 (dated July 29, 2008). The Defendants take the position that when Guidance states in its sales materials -- "How to use with different systems" -- dentists would know that Guidance was referring to the Defendants' systems. The Court is not convinced that section 2.4 sweeps so broadly. The Court is not convinced that Guidance's reference to "systems," without using the Defendants' names, violates the provision. The Defendants may have the lion's share of the market, but there are other systems.

The Court believes that Guidance's alleged representations that the Defendants manufacture Guidance's obturators may violate the confidentiality clause, but the evidence that such representations have been made is mixed at best. The Court is not convinced that there has been a breach, and if there has been a breach, the Court is not convinced that any breach has been a substantial or material one.

Accordingly, the Court believes that the Defendants should supply obturators to Guidance before trial to keep Guidance in business. The Court will therefore order the Defendants to fill the

order -- DENT # 112408 -- placed on November 24, 2008. The Court will set a hearing on February 23, 2009 at 9:00 a.m. to determine whether Guidance needs obturators in the second quarter of 2009. The Court does not want to give Guidance more obturators than it reasonably needs to fill its orders in the first quarter of 2009, but if the parties cannot work out the difference on pre-trial obturator orders by February 23, 2009, the Court stands ready to order the filling of further orders.

**II.    V2s.**

Guidance has now agreed to submit engineering drawings. Dr. Charles Goodis, Guidance's founder and Chief Executive Officer, testified on December 18, 2008 that he expected to have those drawings to the Defendants within approximately thirty days, and given one round of prototypes and one round of testing, it would take another thirty days to be ready to produce the V2. Guidance asks the Court to order the Defendants to produce a product when Dr. Goodis submits engineering drawings.

In its December 15, 2008 Memorandum Opinion and Order, the Court expressed concern about having to supervise the remaining development of the V2. Even with engineering drawings, Guidance's request implicates the same concern. The Defendants have not indicated clearly what the Defendants will do when they receive the drawings. The Defendants have also not stated what sizes they will ship, if any. There may not be a continued controversy over the V2; if there is a dispute, however, the Court may be drawn into the judicial micro-management of disputes it wanted to avoid in its December 15, 2008 Memorandum Opinion and Order.

Moreover, Guidance's request for an injunction is premature. Until Guidance submits its engineering drawings, the Court does not know whether the Defendants will not produce the V2. The Defendants, having received the requested drawings, may well comply with Guidance's wishes. It is too early for the Court to be ordering the extraordinary remedy of injunctive relief.

Accordingly, the Court will deny Guidance's request for an injunction as to the V2.

## III.   SECURITY.

The Defendants maintain that they can sell obturators for approximately three times what they are selling them to Guidance.  The Defendants suggest they may lose about $200,000.00 per order.  As Guidance points out, however, the Defendants can always produce more product if they have more purchasers.  Thus, the loss that the Defendants assert is not the one about which the Court is concerned.

The Court is concerned about the damages to the Defendants because of Guidance's alleged representations, if any, that the Defendants make Guidance's obturators.  These representations may cause the Defendants further harm with each passing day.  On the other hand, the amount of harm is difficult to quantify, and the Defendants have not produced definitive figures for the Court. Moreover, the injunction itself is not likely to cause the reputational harm about which the Court is concerned.  The statements have already been made, and there does not appear to be a reason that they would continue.  Guidance denies making them and states that it does not intend to make such statements.

The Court believes that an additional bond should be posted for the preliminary injunction, although not as much as the Defendants sought.  The Court will order Guidance to post a $25,000.00 bond for the issuance of the preliminary injunction by December 29, 2008.  Guidance may combine this bond with the bond the Court required for the TRO and post a single bond of $35,000.00. Posting of the bond is not required before this preliminary injunction goes into effect.

**IT IS ORDERED** that Plaintiff Guidance Endodontics, LLC's request for a preliminary injunction is granted in part and denied part.  The Defendants will be required to manufacture, if necessary, and to ship obturators pursuant to order DENT # 112408, placed on November 24, 2008.

Guidance will post an additional $25,000.00 in bond by December 29, 2008.  The Court will not order the Defendants to produce V2s.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Olshan, Grundam, Frome, Rosenweiz
  & Woldosky, LLP
New York, New York

-- and --

John J. Kelly
Ryan Flynn
Adam Greenwood
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Thomas P. Gulley
Lewis and Roca
Albuquerque, New Mexico

      *Attorneys for the Defendants*