IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.                                                                                            No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants,

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter-Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Dentsply/TDP's Motion to Compel Guidance and Goodis to Properly Answer Interrogatories 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, and 15, filed May 28, 2009 (Doc. 125). The Court held a hearing on the motion on June 26, 2009. The primary issues are: (i) whether the Court should require Plaintiff and Counter-Defendant Guidance Endodontics, LLC and Counter-Defendant Charles Goodis to amend their answers to several interrogatories to remove language such as "including" and list the documents on which they rely for their answers;

and (ii) whether the Court should award attorney's fees.  For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will grant the motion and will award attorney's fees.

On April 28, 2009 the Court held a hearing on Dentsply/TDP's Motion to Compel Guidance/Goodis' Production of Documents and Answers to Interrogatories, filed March 23, 2009 (Doc. 75).  At the hearing, the Court ruled that Guidance and Goodis needed to remove "inter alia" and similar language in their responses to various interrogatories, and instead be specific in their answers.  Later, the Court entered a written Order on the motion, which included the following statement:

> The Court has separately ordered with respect to various interrogatories that Guidance and Goodis remove all inter alias or similar language, and provide, where appropriate, the specific information. In the event there are specific occurrences of such language not addressed in the various orders below, to avoid any confusion, the Court clarifies that Guidance and Goodis should amend their responses to remove such language from all the answers to interrogatories challenged in the motion.

Order at 2 n.1, entered June 9, 2009 (Doc. 146).  The intent of the Court's order, including this statement, was that Guidance and Goodis would not use "inter alia" or similar language, which the Court believes encompasses terms like "including."  The Court will order Guidance and Goodis to amend their answers to remove any term such as "including."  Instead of relying on such language, they must specifically state the documents on which they are relying.  If Guidance and Goodis are not relying on the documents to respond to the interrogatories, then they may remove the references.

With respect to the Defendants' request for attorney's fees, the Court believes that the request is justified and will award fees.  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure requires the Court to award attorney's fees to a successful movant on a discovery motion unless certain conditions are met.  See Fed. R. Civ. P. 37(a)(5)(A) ("If the [discovery] motion is granted

-2-

. . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The Defendants requested fees in their written motion, and the Court heard the parties' arguments on the issue at the June 26, 2009 hearing. Fees may not be awarded if one of three conditions is met:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

None of the three barriers to an award of fees applies here. As the electronic-mail transmission from Thomas Gulley, the Defendants' attorney, to counsel for Goodis and Guidance indicates, Mr. Gulley sought to have Goodis and Guidance correct the deficiencies in their responses without the Court's intervention. See Exhibit B to Motion, E-mail from Thomas Gulley to various recipients ¶ 7, at 1 (dated May 12, 2009)(Doc. 125-3). The failure of Guidance and Goodis to comply, after Mr. Gulley had pointed out the problem and request that it be fixed, is not substantially justified. The import of the Court's order was clear. Guidance and Goodis were required to remove "remove all inter alias or similar language, and provide, where appropriate, the specific information." Order at 2 n.1. Use of "including," in the context in which Guidance and Goodis used the word, by referencing generally documents produced and then using "including" to designate several identified documents carries a similar connotation to "inter alia." Both terms indicate that certain things are being identified out of a potentially larger relevant group, with other items being left out of the identification. Before Mr. Gulley raised the issue, the matter could perhaps be

considered one of inadvertence.  After Guidance and Goodis' attention was drawn to the matter, however, they should have corrected the responses instead of resisting and arguing semantics. Lastly, the Court sees no other circumstances that would make an award unjust here.  Accordingly, the Court will order Guidance and Goodis to pay the Defendants their reasonable attorney's fees associated with bringing and arguing this motion.

**IT IS ORDERED** that Dentsply/TDP's Motion to Compel Guidance and Goodis to Properly Answer Interrogatories 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, and 15 is granted and that Plaintiff and Counter-Defendant Guidance Endodontics, LLC and Counter-Defendant Charles Goodis will pay the Defendants the attorneys' fees that the Defendants reasonably incurred in bringing and arguing this motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundam, Frome, Rosenweiz
  & Woldosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

      *Attorneys for the Defendants and Counter-Plaintiffs*