IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiffs,

vs.                                                No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion to Amend June 3, 2009 Scheduling Order, filed June 24, 2009 (Doc. 162). The Court held a hearing on July 9, 2009. The primary issues are: (i) whether the Court should amend the June 3, 2009 Scheduling Order to move the discovery deadline forward; (ii) whether the Court should increase the maximum number of depositions either party may conduct; (iii) whether the Court should extend the deadline for depositions of experts to the last day of discovery; and (iv) whether the Court should extend the

deadline for disclosing rebuttal expert reports to August 15, 2009. For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will deny all the requests at the present time. While Plaintiff and Counter-Defendant Guidance Endodontics, LLC and Counter-Defendant Dr. Charles Goodis[1] have proceeded diligently, Guidance has not shown a current need to move the deadlines, and the Court will thus deny the motion to amend the scheduling order without prejudice to Guidance renewing its request to move the deadlines if it can show a greater need for more time.

## **PROCEDURAL BACKGROUND**

Several documents establish the discovery deadlines in this case: (i) the Initial Scheduling Order, filed December 17, 2008 (Doc. 34); (ii) the Joint Status Report and Provisional Discovery Plan, filed January 16, 2009 (Doc. 46); (iii) the Scheduling Order, filed March 4, 2009 (Doc. 62); (iv) the Order Granting Joint Motion for Extension of Time to File Expert Reports, filed May 1, 2009 (Doc. 101); and (v) the Order to Amend Scheduling Order, filed June 3, 2009 (Doc. 133)("June 3, 2009 Scheduling Order"). Under the June 3, 2009 Scheduling Order, discovery was set to close in this case on June 26, 2009. Expert depositions may take place until July 17, 2009. See id.

Guidance asks that the Court extend the discovery deadline because, despite working diligently to complete discovery, it needs more time. In support of its request, Guidance notes that the Court completed the last hearing on one of Guidance's motions to compel on June 26, 2009, while a second motion to compel remains outstanding. According to Guidance, it will need time to review the additional discovery these motions will produce and prepare follow-up discovery. See Motion ¶ 6, at 3. Guidance requests that the Court "extend the termination date for discovery

---

[1] For ease of reading, the Court will refer to Guidance and Dr. Goodis collectively as Guidance.

to forty five days after the last date on which the Court directs production." Id.  Guidance also asks that the Court increase the deposition limit from fifteen to seventeen, extend the deadline for expert depositions to the last day of discovery, and extend the deadline for rebuttal expert reports to August 15, 2009.  See id. ¶¶ 7-9, at 3-4.

The Defendants oppose all the requests.  They argue that the outstanding discovery disputes are minimal and that Guidance can raise any supplemental discovery issues with the Defendants and, if the Defendants do not consent to further discovery out of time, raise the issue with the Court at that time.  See Dentsply/TDP's Response to Guidance and Goodis' Motion to Amend June 3, 2009 Scheduling Order (Doc. 162) ¶ 6, at 2, filed July 7, 2009 (Doc. 180).  Regarding the other requests, the Defendants maintain that the requests are unnecessary or inadequately justified.  See id. ¶¶ 7-9, at 2.

## ANALYSIS

Guidance's requests are premature.  At this time, it is not clear that Guidance will need any further discovery.  Because the Court can deal with Guidance's concerns in the future without modifying the deadlines and potentially slowing the progress of this case, the Court will deny Guidance's requests.

The main deadline that Guidance wants moved is the discovery deadline, currently set at June 26, 2009.  Guidance has served a significant amount of discovery on the Defendants already, and when the motions to compel are all decided and Guidance receives any discovery to which it is entitled on those motions, Guidance may well have all the discovery it needs and to which it is entitled.  As the Court explained at the hearing, Guidance has requested a significant amount of documents and at some point discovery in this case must move forward.  The Court cannot say for certain that Guidance would not have further legitimate discovery needs upon receiving the last

discovery materials, but neither can Guidance say for sure that it will.  And that point is the crux of the issue.  Further discovery may be unnecessary or impermissible.  More discovery may be needed.  At this time, however, which result will be a reality is speculation.  Particularly in this case, which has seen a large volume of discovery disputes, the Court is reluctant to push back deadlines without a stronger showing of necessity.  If Guidance's concerns become more concrete, the Court will be amenable to hearing Guidance's arguments again, only this time with a stronger foundation on which to determine whether more time is needed.

Similarly, Guidance's other requests suffer from being premature because they concern difficulties that may or may not materialize in the future.  While Guidance asks for more depositions, it has not run into the limit on depositions currently.  Nor has it shown an affirmative need for an extension of the deadlines for expert depositions or disclosure of expert rebuttal reports.  Time may reveal a different picture on these issues as well.  Should Guidance's concerns begin to be realized, it may renew its arguments for more time.

**IT IS ORDERED** that  the Plaintiff's Opposed Motion to Amend June 3, 2009 Scheduling Order is denied without prejudice to renewal with a more concrete showing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundam, Frome, Rosenweiz
  & Woldosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
 Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

  *Attorneys for the Defendants and Counter-Plaintiffs*