**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

      Plaintiffs,

vs.                                                                                                                         No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

      Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

      Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

      Counter Defendant.

**MEMORANDUM OPINION AND ORDER**[1]
(Public Version)

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Compel Production of Documents, and Answers to Interrogatories, and for an Extension of Time Under LR-CV 26.6, filed May 4, 2009 (Doc. 105)(filed under seal). The Court held hearings on June 11 and June 26, 2009. The primary issues are whether the Court should: (i) grant Plaintiff and Counter-Defendant

---

[1] The Court has redacted certain portions of this opinion to protect confidential information.

Guidance Endodontics, LLC and Counter-Defendant Dr. Charles Goodis[2] an extension of time for the filing of this motion to compel; (ii) order the Defendants and Counter-Plaintiffs to respond to certain discovery requests; and (iii) award Guidance attorney's fees for bringing this motion. For the reasons stated at the hearing and other reasons consistent with those already stated, the Court will grant Guidance an extension of time to make this motion timely and will grant in part and deny in part the requests for discovery, but will not award fees.

## PROCEDURAL BACKGROUND

Guidance moves the Court, pursuant to rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling the Defendants to produce documents and answer interrogatories. Additionally, Guidance requests that the Court waive the twenty-day deadline for filing a motion to compel and award attorney's fees. The Defendants oppose all the requests.

**1.     First Doc. Req. No. 5.**

First Request No. 5 provides: "All documents related to United States Patent NO. 6,206,695 issued March 27, 2001 including but not limited to the assignments of and ownership of EndoAction, Inc. as well as the subsequent assignment from EndoAction to Dentsply International Ins." Guidance argues that, upon information and belief, the Defendants published Patent No. 6,206,695 after the Defendants became aware that Guidance was selling a variable taper file that MicroMega makes and that competes with the Defendants' Protaper file. Guidance does not request information concerning any other patent and asserts that documents concerning the purchase of this patent may shed light on the Defendants' plan and preparation to drive Guidance out of business. See Motion ¶ 11, at 5.

---

[2] For ease of reading, the Court will refer to Guidance and Goodis collectively as Guidance.

   2.     **First Doc. Req. No. 4.**

First Request No. 4 reads: "Any and all settlement and/or license agreements with Competitors."  Guidance asserts that agreements with other Competitors are relevant to the ***[SEALED PORTION REMOVED]***.  The First Doc. Request defines Competitors as "any" competition in the endodontic market place including six enumerated companies that compete with the Defendants.  Endodontics, LLC and Counterclaim Defendants Charles J. Goodis' First Request for Production of Documents at 2, filed May 4, 2009 (Doc. 105-5).  Guidance argues that these agreements may lead to the discovery of admissible ***[SEALED PORTION REMOVED]***.

   3.     **First Doc. Req. No. 6.**

First Request No. 6 states: "Any and all notices, complaints, demand letters, cease and desist letter[s], and/or other communication from or to Competitors, legal counsel, the United States government, and/or state regulatory agencies complaining of or pertaining to any alleged anticompetitive behavior, federal antitrust issues, patent claim, business dispute, or unfair business practices."  The Defendants object to the request as overly broad, vague, unduly burdensome, irrelevant, and likely to produce confidential or proprietary information.  According to Guidance, this information may provide evidence of intent and knowledge, and could support its claim for punitive damages.

   4.     **First Doc. Req. Nos. 7 and 9.**

First Request No. 7 asks for: "Any and all communications, both internal and with third parties, relating to the Defendants' policies, practices, strategies, view, and/or opinions on its business practices toward and competition with Competitors."  First Request No. 9 asks for: "All documents relating or referring to Defendants' standards, codes, policies, business practices and/or procedures with respect to business practices with ***[SEALED PORTION REMOVED]***."  The

Defendants again object to the requests as vague, burdensome, irrelevant, and likely to produce confidential or proprietary information, while Guidance contends that the information could lead to rule 404(b) evidence.

5. **First Doc. Req. Nos. 8 and 12.**

First Request No. 8 provides: "Any and all communications, both internal and with third parties, relating to impact or effect of Competitors on Defendants' business, revenues, customers, employer and/or sale representatives." First Request No. 12 seeks: "[a]ll documents relating to impact or effect of Guidance's business or products on Defendants' business, revenues, customers, employee, and/or sales representatives." The Defendants object to the requests for the same reasons it objected to the previous requests. Guidance argues that the impact or effect of the introduction into the market place of Guidance's files and obturators, and those of other Competitors, on the Defendants' revenues, customer base, and sales representatives may lead to the discovery of admissible evidence concerning the motive for Defendants' breach of the Supply Agreement. See Motion ¶ 15, at 6.

6. **First. Doc. Req. Nos. 10 and 11.**

First Request No. 10 requests "[a]ll documents relating or referring to Defendants' requirement, requests, use or necessity of *[SEALED PORTION REMOVED]*." First Request No. 11 reads: "All documents relating or referring to Defendants' standards, codes, policies, business practices and/or procedures *[SEALED PORTION REMOVED]*." The Defendants lodge their standard objection to the requests. Guidance maintains that the requests will help a jury assess *[SEALED PORTION REMOVED]*.

7. **First. Doc. Req. Nos. 14 and 15.**

First Request No. 14 requests "[a]ll documents relating to policies for document destruction

-4-

and preservation for both hard copy and EST; and to policies governing use of Defendants' email by Defendant's employees." First Doc. Req. No. 15 requests "[a]ll documents relating to Defendants' constituent business units, and organizational charts, from January 1, 2005 to present." The Defendants state they will produce their 2007 Annual Report, but otherwise object to the requests as overly broad and burdensome. Guidance argues that these requests seek information needed to understand the Defendants' decision-making structures, and will be necessary to assessing issues of intent and knowledge.

      **8.**      **First. Doc. Req. No. 16.**

First Request 16 requests "[a]ll documents relating to Defendant establishment and maintenance of 'its sterling reputation, tremendous goodwill, enormous intangible trade val[u]es, and standing unparalleled in the worldwide dental community,' as set forth in paragraph 73 of the Answer." The Defendants again object on the grounds that the request is overly broad, vague, and unduly burdensome. Guidance maintains that the request seeks information about the Defendants' allegations in their Counterclaim.

      **9.**      **First. Doc. Req. Nos. 17 and 18.**

First Request No. 17 requests "[a]ll documents showing endodontic sales data by customer, including product, quantity, dollar amount and date of sale, and identify customer by name, address and telephone number from January 1, 2005 to present." First Request No. 18 requests "[a]ll documents and communications relating to the financial performance of Defendants' endodontic divisions, from January 1, 2005 to the present." The Defendants object to both requests as being unduly burdensome, vague, and unlikely to lead to admissible evidence, and challenge that First Request No. 18 is likely to require production of confidential or proprietary material. Guidance argues that these requests could lead to admissible evidence on a variety of topics.

**10.     First. Doc. Req. No. 19.**

First Request No. 19 states: "All license agreements with third-parties for endodontic products." The Defendants contend that this request is overly broad, vague, irrelevant, and seeks privileged documents. Guidance's written motion does not single out this request, but at the hearing Guidance clarified that it sought to compel information on this request.

**11.     Second Doc. Req. No. 1.**

Second Request No. 1 seeks

[a]ll communications from January 1, 2007 to the present between Defendants and any existing and potential customers relating to the sale of the Products, including but not limited to communications to or from the following sales representatives:

        (a)     Jason Halsey;

        (b)     Brian Rooney;

        (c)     Shawn Dehart;

        (d)     James Francis:

        (e)     Traci York.

The Defendants object to the request as being overly broad, vague, unduly burdensome, and impossible to complete because they do not know who Guidance's potential customers might be. They volunteer, however, that, to the best of their knowledge, there are no such statements involving Guidance products. Guidance argues that the request could lead to admissible evidence and that documents it has from the Defendants indicate that the Defendants were aware of and targeting potential customers of Guidance.

**12.     Second Doc. Req. No. 2.**

Second Request No. 2 requests "[a]ll data and communications relating to Defendants' product pricing and product marketing policies and practices, including practices with respect to

account history, sales value, product lines, new and competitor accounts, incentives and promotions, sales strategies, and product price lists, for the sale of the Products to existing and potential customers." In their response, the Defendants object to the request as being irrelevant, unduly burdensome, overly broad, and vague, given the tens of thousands of customers the Defendants have around the world. Guidance argues that the information will help to test the credibility of the testimony of Bill Newell, a vice president at Tulsa Dental, about price not being a core strategy for the Defendants.

### 13.     Second Doc. Req. No. 3.

Second Request No. 3 reads:

All documents and communications from January 1, 2005 to the present relating to industry studies and primary and secondary market research, both qualitative and quantitative, propriety and non-propriety, for the Products that concern or refer to without limitation:

(a)   Defendants' endodontic brand, including the value of the brand, the quality of the brand, customer attitudes toward the brand and brand management;

(b)   Competitors in the endodontic instrument industry, including the value and quality of competitor brands, competitor products, competitor market share, and projections and/or forecasts of future market share for the parties to this litigation and other competitors;

(c)   Customer trends and needs including customer willingness to change brands in response to changes in price, customer attitudes toward product quality, customer views about the various competitors' products in the marketplace, customer receptivity to buying and using a range of endodontic instruments from different manufacturers or suppliers, and how customers communicate and refer to the products.

The Defendants object to the request as being irrelevant, unduly burdensome, and overly broad. Guidance contends that the responsive information could be relevant to understanding the Defendants' actions in the marketplace and to damages.

**14.     First Set Rogs. No. 1.**

Interrogatory No. 1 asks the Defendants to identify the statements to which paragraphs 15 through 17 of the Counterclaims refer. In response, the Defendants directed Guidance's attention to portions of the transcript of the December 17, 2008 hearing. Guidance argues that the response refers to some forty pages of testimony rather than to the specific statements at issue and that the response suggests that there may be other, unidentified statements that are responsive to Interrogatory No. 1.

**15.     First Set Rogs. No. 2.**

Interrogatory No. 2 asks the Defendants to identify the statements referenced in paragraphs 18 through 20 of the Counterclaims. The Defendants supplied a brief answer and referred Guidance to the same transcript portions cited in response to Interrogatory No. 1. Guidance contends that the answer is deficient for the same reasons that it maintains the answer to Interrogatory No. 2 is deficient.

**16.     First Set Rogs. No. 3.**

Interrogatory No. 3 asks: "Describe in detail the basis for Defendants' claim in paragraphs 28, 33, 37, 41, 58, 64, 69, 76, 82, 85 and 94 of the Counterclaims that they have been damaged by Guidance, and identify all documents supporting such allegation." The Defendants responded that Guidance caused them to lose business, entitling them to various damages, and stated that the ***[SEALED PORTION REMOVED]*** and Guidance's marketing and financial materials, among other unidentified documents, support this contention. Guidance maintains that this answer fails to provide adequate detail and that it is entitled to know what, if any, factual basis the Defendants' claims for damages have.

**17.     First Set Rogs. No. 4.**

Interrogatory No. 4 asks the Defendants to "[d]escribe in detail the basis for Defendants' claim in paragraph 46 of the Counterclaims that Dentsply/TDP's mark 'ThermaFill' is a famous mark." The Defendants replied that "Therma Fil is a famous mark because it meets the criteria stated in 15 USC § 1125(c)." Guidance contends that this statement is a conclusory legal statement that violates the spirit of discovery.

**18.     First Set Rogs. No. 5.**

Interrogatory No. 5 asks the Defendants to describe in detail the basis for the claims in paragraph 48 of the Counterclaims regarding the Defendants' allegation of Guidance diluting the Defendants' trade names. The Defendants provide a short reply explaining their allegations. Guidance maintains that this short description lacks adequate factual detail about the foundation for the claims.

**19.     First Set Rogs. No. 6.**

Interrogatory No. 6 asks the Defendants to detail the basis for the allegations in paragraph 56 of the Counterclaims. The Defendants give a brief reply. Guidance again asserts that the reply lacks any factual detail about the claim.

**20.     First Set Rogs. No. 7.**

Interrogatory No. 7 requests that the Defendants provide the basis for paragraphs 64 and 67 of the Counterclaims, which deal with unfair competition and deceptive trade practices. In answering, the Defendants refer to the legal definitions of these terms and assert that the facts alleged in three counts in the Counterclaims form the basis of the claims. Guidance contends that this answer provides no factual detail about the claims.

21.     **First Set Rogs. Nos. 8 and 9.**

Interrogatory No. 8 asks the Defendants to identify the existing and prospective contracts referenced in paragraph 78 of the Counterclaims, while Interrogatory No. 9 requests that the Court detail the basis for paragraph 81 of the Counterclaims, which asserts a claim for interference with prospective business advantage.  The Defendants reply to Interrogatory No. 8 by asserting that the answers would be irrelevant and burdensome and respond to Interrogatory No. 9 by directing Guidance to the allegations described in Counts I through VIII of the Counterclaims.  Guidance again argues that these answers are insufficient.

22.     **First Set Rogs. No. 11.**

Interrogatory No. 11 asks that the Defendants provide a variety of information about how they maintain documents in the ordinary course of business.  The Defendants respond that the requests are either unduly broad, vague and burdensome, or that they cannot comply with the requests because of undefined terms in the request.  Guidance maintains that the Defendants should produce the information and that the Defendants are quibbling over words.

23.     **First Set Rogs. No. 15.**

Interrogatory No. 15 requests that the Defendants identify their endodontics licenses.  The Defendants respond that the request is irrelevant and unduly burdensome.  According to Guidance, the Defendants' answer is evasive.

24.     **First Set Rogs. No. 16.**

Interrogatory No. 16 asks that the Defendants explain in detail the Defendants' objectives ***[SEALED PORTION REMOVED]***, and to identify supporting documents and witnesses.  The Defendants provided a short response to this request and ***[SEALED PORTION REMOVED]*** and several witnesses.  Guidance argues that this response is incomplete.

-10-

## **ANALYSIS**

As the Court stated at the hearing, it will grant Guidance an extension of time and will grant in part and deny in part its various requests. With respect to the First Document Requests Nos. 1 through 10, the Court's rulings were made at the June 11, 2009 hearing and require the Defendants to comply within thirty days of that hearing. With respect to the remaining rulings, which the Court made at the June 26, 2009 hearing, the Defendants have thirty days from that date in which to comply. In addition, although the issue was not raised at either hearing and thus the Court has not yet ruled on the matter, the Court will deny the request for attorney's fees.

### **I.      THE COURT WILL GRANT GUIDANCE AN EXTENSION OF TIME.**

Before ruling on any of Guidance's particular requests, the Court must determine whether it should entertain the motion. The Defendants contend that the motion is untimely under rule 26.6 of the Local Rules of Civil Procedure, which requires that motions to compel be filed "within twenty (20) calendar days of service of an objection." Noting that rule 26.6 allows the Court to extend the deadline for good cause, Guidance asks that the Court enlarge the time allotted to file a motion to compel because it had been working with the Defendants on resolving the dispute without judicial intervention and in reliance on the Court's offer to informally deal with discovery fights. The Court believes that Guidance's reliance was justified -- although, without all parties agreeing, the Court must resolve discovery issues formally from now on -- and will grant an extension and consider Guidance's requests.

### **II.     THE COURT WILL GRANT IN PART AND DENY IN PART THE INDIVIDUAL REQUESTS.**

The parties are at odds over almost every request in three different sets of discovery. For the most part, the Court will order further discovery from the Defendants, but only after the Court

has limited the scope of many of the requests. Each of the requests is discussed individually below. One overarching issue, however, are the general objections with which the Defendants prefaced their responses to each of the three sets of discovery. As stated at the hearing, the Court will overrule all the general objections, but has considered those objections in the context of the more specific requests and objections.

### A.     FIRST REQUEST NO. 4.

The Court will overrule in part the objection to First Request No. 4. With some narrowing, the request is appropriate. The Court will order the production of settlement and license agreement with respect to only the six companies listed in the request, but without prejudice to Guidance broadening the request at a later date if it has a stronger basis for the request as written and identifies the particular companies whose agreements with the Defendants Guidance is seeking.

### B.     FIRST REQUEST NO. 5.

The Court will overrule the objection to First Request No. 5 and order the Defendants to produce the responsive documents involving Patent No. 6,206,695. Guidance has a sufficient basis to seek discovery and the request is reasonably limited to this one patent. If there are any further issues regarding the electronic-mail message that Guidance showed the Court at the hearing, those may be raised at a later time.

### C.     FIRST REQUEST NO. 6.

The Court will overrule in part the objection to First Request No. 6. The Court will limit the request and order the production of notices, complaints, demand letters, and cease-and-desist letters from or to the six companies or their legal counsel enumerated in the request and to United States or state regulatory agencies, all with regards only to anti-competitive behavior, antitrust issues, or patent claims. At a later date, Guidance may seek to broaden the request based upon the responses

with a firmer basis and more specifics about which other competitors' information may be sought.

### D.     FIRST REQUESTS NOS. 7 AND 9.

The Court will sustain the objection with regards to First Request No. 7 without prejudice to Guidance renewing the request for specific documents.  As to First Request No. 9, the Court will overrule the objection in part and rewrite the request.  The Court will remove the phrase "all documents relating or referring to" that begins the request.  Furthermore, the request will be limited to general policies, not to individual policies for specific products unless the policies are set forth that way, and will also be limited to policies applicable within the United States.

### E.     FIRST REQUEST NOS. 8 AND 12.

On First Request No. 8, the Court will sustain the objection without prejudice to Guidance renewing its requests with the names of specific competitors.  Regarding First Request No. 12, the Court will overrule the objection in part, but will reword the request.  Only those documents that refer to Guidance needs to be produced in response to First Request No. 12.  If Guidance can more specifically identify other documents, Guidance may renew its request for additional documents.

### F.     FIRST REQUEST NOS. 10 AND 11.

The Court will overrule the objection to First Request No. 10.  If necessary, the Defendants can prepare a privilege log for any documents that they believe are privileged or work product.  Confidentiality issues can be dealt with through the confidentiality order in the case.  The Court will overrule in part First Request No. 11, but narrow the request by including *[SEALED PORTION REMOVED]* at the end of the request.

### G.     FIRST REQUESTS NOS. 14 AND 15.

The Court will sustain in part the objections to First Requests No. 14 and 15, without prejudice to Guidance returning with more specific requests.  On First Request No. 14, the

Defendants will not need to produce "all documents," but will instead need to produce all general policies since 2000 relating to document destruction and preservation, and to employee e-mail usage. Additionally, the Defendants do not need to produce any specific policies for medical records or personnel files. On First Request No. 15, the Court will remove the word "all" at the beginning of the request, and thus will require the Defendants to produce only basic documents, such as organizational charts, which the Court envisions should require a handful of documents be produced.

### H.    FIRST REQUEST NO. 16.

The Court will overrule the objection to First Request No. 16. The Court will require the Defendants to produce all documents on which the Defendants intend to rely to support their statement regarding their reputation. If Guidance uncovers further documents on which it believes the Defendants may be relying, it may make further, more specific requests.

### I.    FIRST REQUEST NOS. 17 AND 18.

On First Request No. 17, the Court will sustain the objection in part. The Court will remove "all" from the beginning of the request and limit the documents to those documents from Tulsa Dental involving obturators and files, as opposed to all endodontic equipment, and further limit the request to customers, excluding wholesale customers, in the United States. The Court envisions that the revised request will encompass customer lists and information such as overall sales data, and not items such as individual receipts. With respect to First Request No. 18, the Court will limit the request to cover documents showing the financial performance of Tulsa Dental's endodontics business from January 1, 2005, or which relate to Guidance and the Defendants' financial performance. To the extent that these documents do not show the performance of the Pro-Taper, the Defendants must produce documents showing that product's financial performance.

**J.     FIRST REQUEST NO. 19.**

On First Request No. 19, the Court will sustain the objection in part. The Court will limit the request to license agreements for obturators and files. The objection is otherwise overruled.

**K.     SECOND REQUEST NO. 1.**

The Court will sustain in part the objection to Second Request No. 1 and limit the request. The Defendants must produce only those communications that are between the five named sales representatives and potential customers who were Guidance customers in the United States. At the hearing, the Defendants indicated that those communications relating to Guidance products had already been produced. As such, if the documents have been already produced, then the Defendants will identify by Bates number, or otherwise specify, those documents responsive to the request that have already been produced.

**L.     SECOND REQUEST NO. 2.**

Regarding Second Request No. 2, the Court will sustain the objection in part. The Court will limit the request by removing the phrase "all documents and communications relating to" from the beginning of the request and by restricting the documents to those specifically related to the "Products." In addition, the Court will require production of documents from only January 1, 2005 onward. If Guidance needs further information on other policies and can word their request more specifically, Guidance may do so.

**M.     SECOND REQUEST NO. 3.**

The Court will sustain the objection to Second Request No. 3 in part. The Court will remove the first line from the request, so that the request begins "Industry studies . . . ," and thus only studies and documents relating to studies need be produced, but will also limit the studies to those dated January 1, 2005 or later. In addition, only those studies commissioned by the Defendants, done by

the Defendants, or purchased by the Defendants must be produced. With respect to those studies the Defendants may have purchased, the Defendants must at a minimum identify the documents, even if contracts with the authors of the studies prevent the Defendants from turning over the studies immediately. Finally, the Court will remove subparagraph (b) from the request, but add "Guidance" to the beginning of subparagraph (a).

### N. FIRST INTERROGATORY NO. 1.

The Court will require amended answers to First Interrogatory Nos. 1 and 2. The Defendants will need to identify and set forth the statements to which paragraphs 15 through 20 of the Counterclaims refer, rather than referencing other documents. Guidance is entitled to a self-contained response under oath that can be used at trial and otherwise.

### O. FIRST INTERROGATORY NO. 3.

On Interrogatory No. 3, the Court will also require an amended answer. In the new answer, the Defendants should describe their damages contentions in greater detail. This increased detail will include identification by Bates number any documents upon which the Defendants relied.

### P. FIRST INTERROGATORY NO. 4.

The Court will require an amended answer to Interrogatory No. 4. The response to this interrogatory is insufficient. The Defendants should provide the factual basis for their contention that ThermaFil is a famous mark under 15 U.S.C. § 1125(c).

### Q. FIRST INTERROGATORY NOS. 5 AND 6.

The Court will allow the answer to Interrogatory No. 5 to stand. The Court will, however, require that the Defendants amend their answer if they have any further information about confusion or dilution of trade names. In a similar vein, the Defendants should repeat their answer to Interrogatory No. 5, with any new amendments, in response to Interrogatory No. 6.

### R. FIRST INTERROGATORY NO. 7.

The Court will require an amended answer to Interrogatory No. 7. The Defendants should state in the answer the facts on which they are relying. Again, the answer should be self-contained, and not reference other answers or materials.

### S. FIRST INTERROGATORY NOS. 8 AND 9.

With respect to Interrogatory No. 8, the Court will require an amended answer. The Defendants need not identify all prospective customers, but must identify those existing and prospective customers with whom the Defendants are alleging Guidance is interfering. Similarly, the response to Interrogatory No. 9 should identify those customers to which in paragraph 81 of the Counterclaims refers.

### T. FIRST INTERROGATORY NO. 11.

The Court will require an amended answer to Interrogatory No. 11. On subparagraph (a) of the request, the Defendants can identify the relevant documents. On subparagraph (b), the Defendants may need, if necessary, to provide an answer rather than identifying documents. On subparagraph (c) through (e), the Defendants may either identify the individuals, or refer with specificity to the relevant electronic-mail transmissions and other electronic communications.

### U. FIRST INTERROGATORY NO. 15.

With regards to Interrogatory No. 15, the Court will overrule the objection and require an answer. The Defendants should identify by Bates number the licenses responsive to this interrogatory that the Court has ordered produced. As stated at the hearing, the response will thus be under the same limitations imposed on the response to First Request No. 19, meaning that only those licenses regarding obturators and files must be identified.

## V.     FIRST INTERROGATORY NO. 16.

The Court will require an amended answer to Interrogatory No. 16.  The second sentence of the current answer states that the Defendants decided that, in connection with the earlier settlement ***[SEALED PORTION REMOVED]***.  Exhibit 2 to Motion, Response to Interrogatory #16, at 12 (dated March 16, 2009)(Doc. 105-2).  The Defendants should explain why the Defendants made this decision.

## III.    <u>THE COURT WILL NOT AWARD GUIDANCE ATTORNEY'S FEES</u>.

At the two hearings on the motion, Guidance did not raise the issue of fees, although it requested fees in its written motion.  When granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Because Guidance requested fees in its motion, the Defendants have had a chance to address the issue, but the Court has not fully considered the issue with the parties during a hearing.  Moreover, fees may not be awarded if "the opposing party's nondisclosure, response, or objection was substantially justified."  <u>Id.</u>  While the Court has ordered the Defendants to provide further discovery, the Court has had to narrow the scope of a number of the requests, which were overbroad, and has sustained some objections entirely.  The Court believes that the Defendants' position was largely substantially justified and thus will not award fees.

**IT IS ORDERED** that Plaintiffs' Motion to Compel Production of Documents, and Answers to Interrogatories, and for an Extension of Time Under LR-CV 26.6 is granted in part and denied in part as detailed in this memorandum opinion and order.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundam, Frome, Rosenweiz
  & Woldosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

      *Attorneys for the Defendants and Counter-Plaintiffs*