IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,

    Plaintiff,

vs.                                                                                                                         No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

    Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

    Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

    Counter Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC's Motion in Limine Regarding Expenses of Certain Witnesses, filed September 4, 2009 (Doc. 297). The Court held a hearing on September 10, 2009. The primary issue is whether the Court should order that the Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC ("the Defendants") need not produce employees that Plaintiff Guidance Endodontics, LLC wishes to use as witnesses at trial if

those employees are not also on the Defendants' witness list. Because the Court finds that it cannot properly compel the attendance of the Defendants' non-officer employees, the Court will grant the motion.

The Defendants assert that their employees are outside the subpoena power of the Court under rule 45 of the Federal Rules of Civil Procedure. See Motion at 1-2. The Defendants argue that they therefore will not produce them at trial to testify unless they are their own witnesses or Guidance agrees "to pay in advance the witnesses['] reasonable travel expenses, including airfare, lodging, local transportation and meals." Motion at 2. Accordingly, they ask the Court to order that they are not required to produce those employees unless Guidance bears those costs. See id. Guidance responds first that the Defendants should have raised this issue during the hearing held before the Court on September 1, 2009. See Plaintiff's/Counterdefendants' Response to Motion in Limine Regarding Expenses of Certain Witnesses [Doc. 297] at 1-2, filed September 9, 2009 (Doc. 305)("Response"). Next, Guidance points out that three of the witnesses which Dentsply and Tulsa Dental specified in its motion are on their "may call" list, which Guidance argues should remove them from the scope of the motion. Response at 2. It also argues that the need for those employees is the Defendants' own fault because many of those witnesses are needed only to lay the predicate for certain documents, and Guidance has proposed to the Defendants that the parties stipulate to the admissibility of those documents. See id. at 2-3. Finally, Guidance contends the Defendants' employees constitute parties, that rule 45's limitations do not apply to parties, and, further, that local rule 54.2(c) prohibits parties from receiving witness fees for attendance at trial. See id. at 3.

A court generally requires an individual to attend a judicial event by use of a subpoena. See 9 C. Richey & J. Smith, Moore's Federal Practice - Civil § 45.02[1] & [2], at 45-19 to 45-20 (3d ed. 2009). Rule 45 governs the subpoena power of a federal district court, and rule 45 provides that a

subpoena can be served in a number of places:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> > (A) within the district of the issuing court;
> >
> > (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
> >
> > (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
> >
> > (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2). The rule does not appear to permit Guidance to serve a subpoena upon the Defendants' employees, all of whom are presumably located in either in Johnson City, Tennessee or Tulsa, Oklahoma. Both of those locations are outside the district, in excess of 100 miles from the courthouse, outside the boundaries of the state of New Mexico, and Guidance has not provided the Court with good cause nor a federal statute providing for subpoena beyond those limitations. See Employers Reinsurance Corp. v. MSK Ins., Ltd., No. Civ.A.01-2608-CM, 2003 WL 21143105, at *7 (10th Cir. Mar. 31, 2003) (commenting that a "court lacks power to compel the appearance of non-party witnesses who reside beyond the 100-mile limit of this court's subpoena power" in analyzing whether to grant a motion to transfer under 28 U.S.C. § 1404(a)); 9 C. Richey & J. Smith, supra § 45.22[2], at 45-58 to 45-60 (describing the three circumstances under which a party may serve a subpoena outside the rendering court's judicial district); 9A C. Wright & A. Miller, Federal Practice & Procedure § 2454 & n.29, at 406-08 (3d ed. 2008) ("Therefore, to compel attendance at trial, the person must be served with a subpoena in one of the places listed in Rule 45(b)(2) and not be subject to the protection in Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or

reside more than 100 miles from the courthouse, but not parties or party officers.") (quoting Lyman v. St. Jude Med. S.C., Inc., 580 F. Supp. 2d 719, 734 (E.D. Wis. 2008) (slip op.)).

Even if the Defendants' employees could be subpoenaed, rule 45 provides that the Court would be required to quash that subpoena on motion by the Defendants. The rule provides:

> On timely motion, the issuing court must quash or modify a subpoena that: . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; . . . or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). The Court would therefore be forced to quash the subpoena as soon as it issued because the employees referenced by Guidance are not officers of the Defendants, and they would be required to travel more than 100 miles to reach the courthouse. See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, No. 04 Civ. 10014(PKL), 2009 WL 2972518, at *10 (S.D.N.Y. Sept. 16, 2009) (holding that "the subpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed" and "declin[ing] to classify non-officer employees as 'parties' for purposes of evading the clear language of Rule 45(c)(3)(A)(ii)"); Adams v. Big Lots Stores, Inc., Civil Action No. 08-4326, 2009 WL 2160430, at *5 (E.D. La. July 16, 2009) (recognizing that, while "[the defendant] probably will be able to secure the presence of its current employees, . . . only a handful of the potential witnesses likely live[] within the Court's subpoena power."). Moore's states:

> A majority of courts . . . read Rule 45(c)(3)(A)(ii) as mandating that a court quash a subpoena [] if it requires a nonparty witness to travel more than 100 miles from a residence or place of employment to attend trial. A subpoena that commands a *nonparty* witness to attend a trial, however, may command the witness to travel from any place within the state in which the trial is held, even if more than 100 miles of travel is required.

9 C. Richey & J. Smith, supra § 45.51[2], at 45-87 (emphasis in original).

In short, rule 45 does not permit the Court to require the attendance of the Defendants' employees. Guidance is therefore left with two alternatives: to take the Defendants' offer to produce those witnesses on the condition that Guidance foot the bill for their attendance or to do without the testimony of those employees. The Court will therefore grant the Defendants' motion.

**IT IS ORDERED** that Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC's Motion in Limine Regarding Expenses of Certain Witnesses is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaytsev
Olshan Grundman Frome Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

*Attorneys for the Defendants and Counterplaintiffs*