IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,

    Plaintiff,

vs.                                                                     No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

    Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

    Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

    Counter Defendant.

## **ORDER**

**THIS MATTER** comes before the Court on Dentsply/TDP's Objections to Guidance and Goodis' Deposition Designations Filed 9/15/09 [Doc. 326] and Submission of Additional Designations, filed September 17, 2009 (Doc. 332). The primary issue is whether the Court should sustain certain objections to Plaintiff and Counter Defendant Guidance Endodontics, LLC and Counter Defendant Dr. Charles Goodis' designations of deposition testimony. See Plaintiff Guidance Endodontics LLC and Counterclaim Defendant Charles J. Goodis' Deposition Designations, filed September 15, 2009 (Doc. 326). Defendants and Counter Plaintiffs Dentsply

International, Inc. and Tulsa Dental Products, LLC have objected to certain deposition testimony from witnesses Nathan Roy and Bobby Bennett, and have objected to the use of any prior testimony by Nathan Roy, Brian Rooney, and Jason Halsey. The objections and the Court's rulings thereon are set forth below.

    1.    **Nathan Roy, 457:12-17.**

Dentsply and Tulsa Dental object to Nathan Roy's deposition testimony at 457:12-15 on the ground that it lacks foundation and is speculative. See Objections at 1. The Court finds that there is sufficient foundation for Roy to give the testimony set forth in his deposition, and that he is merely stating what occurred. What occurred during the exchange between Roy and Mr. Higley might have been speculation, but what they discussed is a fact that Roy observed first-hand. The Court will therefore overrule the objections as to this testimony.

    2.    **Bobby Bennett, 20:21-23 and 21:2-25.**

Dentsply and Tulsa Dental object to Bennett's deposition testimony at 20:21-23 and 21:2-25 on the ground that the testimony is irrelevant (rule 402), that its probative value is substantially outweighed by other factors (rule 403), that it is inadmissible hearsay (rule 802), and that it lacks proper foundation. See Objections at 2. The Court finds that this evidence is relevant, and its probative value is not substantially outweighed by any countervailing concern of which the Court is aware. Guidance and Goodis have testified that they took certain actions because Dentsply and Tulsa Dental were litigious. This testimony corroborates that testimony. Furthermore, Bennett is recounting "hallway discussions" that occurred during his time as a Dentsply employee, and thus his source of information would not be hearsay. The Court is therefore convinced that there is proper foundation for such evidence and that, when it is offered by Guidance against Dentsply and Tulsa Dental, it would constitute non-hearsay admissions of a party opponent under rule

801(d)(2)(D). The Court will therefore overrule the objections to this testimony.

### 3.  Use of Deposition Testimony of Nathan Roy, Brian Rooney, and Jason Halsey.

Dentsply and Tulsa Dental also object to the admission of deposition testimony from Roy, Rooney, and Halsey on the ground that the Defendants will call these witnesses in their case-in-chief and therefore the use of the depositions is unnecessary. Under rule 32(a)(4), Guidance may use the deposition of a witness if that witness is found to be "unavailable." Fed. R. Civ. P. 32(a)(4). "Unavailable" includes the situation where "the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition," or "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(B), 32(a)(4)(D). Guidance could not procure these witnesses attendance at trial because they are all outside the subpoena power of the Court as a result of their location. See Fed. R. Civ. P. 45(b)(2), 45(b)(3). The potential for Guidance to present this testimony if and when the Defendants call these witnesses in their case-in-chief does not allow Guidance to present these witnesses in their case-in-chief and to rely upon them to avoid motions for directed verdict. That those witnesses will appear later in the case does not provide sufficient guarantee that Guidance will have this testimony to justify finding that the witnesses are "available" and to bar Guidance from presenting these witnesses by deposition. Furthermore, it may be that one or more of those witnesses is a "managing agent, or designee [of the Defendants] under Rule 30(b)(6) or 31(a)(4)," and, if they fall into one of those categories, their depositions can be presented by Guidance for any purpose. Fed. R. Civ. P. 32(a)(3). The Court will therefore overrule this objection.

### 4.  Dentsply and Tulsa Dental's Additional Designations.

The Court further holds that Guidance does not have to read the additional designations

specified by Dentsply and Tulsa Dental during their case-in-chief unless Dentsply and Tulsa Dental convince the Court that the additional portions "ought in fairness to be considered contemporaneously with" the portions that Guidance will read. Fed. R. Evid. 106.

**IT IS ORDERED** that Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC's objections to Plaintiff and Counter Defendant Guidance Endodontics, LLC's and Counter Defendant Charles J. Goodis' deposition designations are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaytsev
Olshan Grundman Frome Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

*Attorneys for the Defendants and Counterplaintiffs*