**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

vs.                                                                                                           No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

      Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

      Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

      Counter Defendant.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Production of Documents in Response to Plaintiff's Sixth Request for Production, filed July 20, 2009 (Doc. 201). The Court held a hearing on September 2, 2009. The primary issues are: (i) whether the Court should compel the Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC ("the Defendants") to produce to Guidance Endodontics, LLC, certain documents; and (ii) whether the Court should award Plaintiff Guidance Endodontics, LLC its attorneys' fees

incurred in seeking the production of those documents or award the Defendants their fees in responding to the motion. For the reasons stated on the record, and further reasons consistent with those already stated, the Court will deny the motion to compel with respect to the first request, modify and grant the motion regarding the second and third requests, and partially grant both parties' motions for fees.

> Guidance requested three categories of documents in its sixth request for production:
>
> REQUEST FOR PRODUCTION NO. 1:  All documents referring to the development of new file lines by either TDP or Maillefer, whether or not actually developed, within the last three years.
>
> REQUEST FOR PRODUCTION NO. 2:  All documents showing United States sales and/or market data for the sale of .04 taper files.
>
> REQUEST FOR PRODUCTION NO. 3:  All documents showing United States sales and/or market data for the sale of .06 taper files.

Dentsply International, Inc. and Tulsa Dental Products, LLC's Responses to Plaintiff Guidance Endodontics, LLC and Counterclaim Defendant Charles J. Goodis' Sixth Request for Production of Documents at 1-2, filed July 20, 2009 (Doc. 201-2). In response to each, the Defendants objected: "Dentsply/TDP object to this request as seeking documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The request is also vague and ambiguous and unduly burdensome." Id.

Guidance later sent the Defendants an electronic-mail transmission in which Guidance offered to "narrow" the scope of these requests. The modified requests sought:

> Request 6:1: The design history file (including engineering drawings), the device history record, and the device master record, as those terms are defined in 21 C.F.R. § 820.3, for the recently-launched Vortex and GTX files.
>
> Request 6:2: With respect to sales data, please provide data showing the number of units and the total dollar sales of .04 NiTi files sold in the United States by any of Defendants' divisions for each year from 2005 to 2008, and for each month in 2009.

> With respect to market data, please provide data showing the percentage of TDP's total NiTi file sales that is made up of United States sales of .04 constant taper files. Please also provide data showing what percentage is made up of variable taper files, whether .04 or .06.
>
> Request 6:3: With respect to sales data, please provide data showing the number of units and the total dollar sales of .06 NiTi files sold in the United States by any of Defendants' divisions for each year from 2005 to 2008, and for each month in 2009. With respect to market data, please provide data showing the percentage of TDP's total NiTi file sales that is made up of United States sales of .06 constant taper files.

Motion Exhibit 2-1, filed July 20, 2009 (Doc. 2-1).

Guidance argues that the Defendants are asserting frivolous form objections that do not justify withholding the documents requested. First, Guidance contends that the relevance burden is minimal, and that the documents requested would be relevant and admissible, or reasonably calculated to lead to the discovery of admissible evidence. See Motion at 1-4. Second, it argues that none of these requests are particularly vague or ambiguous. See id. Finally, Guidance asserts that the Defendants would have to do more than make an unsupported assertion of undue burden to justify their failure to produce the documents. See id.

The Defendants respond that Guidance's first request in the sixth set (6:1) is duplicative of the thirteenth request in Guidance's Fifth Request for Production (5:13), which sought "[a]ll design history, product development, and/or FDA files for each new product launch manufactured by and for Dentsply/TDP at the Johnson City facility since January 1, 2005, not to exceed two products." Dentsply/TDP's Response to Plaintiffs' Motion to Compel Production of Documents in Response to Plaintiffs' Sixth Request for Production at 2, filed July 23, 2009 (Doc. 205)("Response"). Regarding the second and third requests of the sixth set (6:2 and 6:3), the Defendants argue that the initial requests are excessively vague. See Response at 3. Furthermore, they argue that the "narrowed" requests are actually entirely new requests and that Guidance made its overly broad

initial requests to act as "placeholders" so that, if Guidance determined more precisely what it wanted to ask after the deadline for serving requests for production had passed, it could then "amend" those broad requests to be something more specific. See Response at 3. They also assert that these "narrower" requests seek irrelevant material and that the requests are "burdensome and oppressive." Response at 3.

For the reasons stated on the record and further reasons consistent with those stated, the Court will deny the motion to compel with respect to request 6:1. That request is duplicative of the request 5:13. It will grant the motion and compel production of the documents described in requests 6:2 and 6:3, as modified by Guidance. The requests are substantially narrower than the initial 6:2 and 6:3 requests, and the Court concludes that documents responsive to those requests will likely be relevant to Guidance's claims. The Defendants will have the option, however, to either (i) turn over documents containing the requested data, or (ii) answer this request as it might an interrogatory, and condense the raw data requested into a memorandum, letter or other medium that is equally responsive to Guidance's request.

Regarding attorneys' fees, request 6:1 unnecessarily sought documents that the Court has already ordered disclosed. The Court will therefore award to the Defendants attorneys fees related to responding to request 6:1, calculated as one-third of the fees the Defendants incurred in drafting their response and in arguing the motion. Conversely, the Court believes amended requests for production 6:2 and 6:3 were appropriate, and the Defendants should have produced documents responsive thereto without the necessity for a motion to compel. Pursuant to rule 37(a)(5)(A), therefore, the Court will award Guidance its attorneys' fees incurred in filing this motion with respect to requests 6:2 and 6:3. Those fees will be calculated as two-thirds of the fees that Guidance incurred in drafting the motion and reply, and in arguing the motion before the Court.

**IT IS ORDERED** that Plaintiff's Motion to Compel Production of Documents in Response to Plaintiff's Sixth Request for Production is granted in part and denied in part.  The Court orders Defendants Dentsply International, Inc. and Tulsa Dental Products, LLC to produce all relevant and non-privileged documents responsive to amended requests 6:2 and 6:3, but they need not produce further documents responsive to request 6:1.  Dentsply and Tulsa Dental are ordered to pay to Guidance two-thirds of the costs incurred by Guidance in drafting its motion to compel and reply, and in  arguing the motion before the Court.  Guidance is ordered to pay to Dentsply and Tulsa Dental one-third of their costs incurred in drafting their response to this motion and in arguing it before the Court.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaytsev
Olshan Grundman Frome Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

*Attorneys for the Defendants and Counterplaintiffs*