IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.                                                                                                                    No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendant.

**ORDER**

       **THIS MATTER** comes before the Court on Plaintiff Guidance Endodontics, LLC's Motion in Limine to Exclude Speculative, Late-Disclosed Opinion by Dr. Johnson and Any Testimony Regarding the Same, filed September 29, 2009 (Doc. 375). The Court heard argument on October 6, 2009. The primary issue is whether the Court should exclude testimony by Dr. Ben Johnson, rebuttal expert for Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental

Products, LLC. For the reasons stated on the record, and further reasons consistent with those already stated, the Court will grant the motion.

On July 29, 2009, Dentsply and Tulsa Dental filed a motion seeking to substitute Johnson for its then-designated rebuttal expert, Dr. John West. See Dentsply/TDP's Motion to Allow Substitution of Rebuttal Expert, filed July 29, 2009 (Doc. 210). In that motion, Dentsply and Tulsa Dental represented that Johnson's testimony, like West's testimony, was "to rebut [M. Brian] McDonald's assumption" that "Guidance's V2 file, if made available for purchase, would be 'an acceptable product substitute' for Guidance's V-Taper file." Id. at 1-2. In the hearing on Dentsply's and Tulsa Dental's motion, Thomas Gulley, attorney for Dentsply and Tulsa Dental, represented to the Court that the opinions of West and Johnson were "essentially the same, that the V2 is not an acceptable product substitute for the V-Taper." Transcript of Hearing at 125:13-15 (taken September 1, 2009)(Gulley).[1] The Court granted Dentsply's and Tulsa Dental's motion based, at least in part, on its understanding that Johnson would testify to the same facts that West would have testified to.

Guidance complains that Johnson's report contains a new opinion that was not a part of West's opinion, and asks the Court to bar Dentsply and Tulsa Dental from eliciting testimony regarding that opinion. The opinion about which Guidance complains is that:

> Assuming there is no testimony to the contrary, Dentsply could easily assert they insisted Goodis provide drawings, as his submission may have been different than mine to prevent any conflict with my instrument. Goodis' verbiage "a small land similar to the GTX" in his email of 9/19/09 was too broad for Dentsply to consider making a file from. In the first place, the GTX has a variable land width, narrow at the tip and upper portion of the blade and wider in the middle. Which area was he proposing, or did he want the same varying width land? If he wanted the same land

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

>   he was stepping on Dr. Buchanan's idea.  If he wanted the narrow portion at the tip to go all the way up the shaft, he was stepping on my idea.  If he chose the center portion width, that would have been the same as the ProFile, which Dentsply already sells.  Had he chosen a width in between, then perhaps Dentsply could have accommodated him.  Since non-disclosure agreements exist of other ideas, Dentsply could not speak or act until he was more specific.

Expert Report of Dr. Johnson, filed July 29, 2009 (Doc. 375-2).  Guidance argues that this opinion is problematic in a number of respects: (i) it is speculative; (ii) it is not set forth in West's expert report and is therefor not a proper "substitute" for West's opinions; (iii) it is not a proper rebuttal opinion, and thus the report is untimely because it was filed after the deadline for filing expert reports; and (iv) it constitutes expert testimony on a topic about which Johnson is not qualified as an expert.  Dentsply and Tulsa Dental oppose these arguments.  Moreover, they argue that the challenged opinion was attached to the motion to substitute Johnson for West, thus Guidance was on notice of this opinion at the hearing on the motion to substitute on September 1, 2009, and should have challenged it at that time.  Finally, they argue that allowing this opinion in Johnson's testimony would be harmless.

The Court has considered these arguments and the arguments of counsel during the hearing.  For the reasons stated on the record and further reasons consistent with those stated, the Court will grant the motion and exclude any testimony regarding the "new" opinion quoted above.  The new opinion is not in West's report, and the Court allowed the substitution on the assumption that no new opinions were being added at this late stage of the case.

**IT IS ORDERED** that the Plaintiff and Counter Defendant Guidance Endodontics, LLC's Motion in Limine to Exclude Speculative, Late-Disclosed Opinion by Dr. Johnson and Any Testimony Regarding the Same is granted.  Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC shall not elicit testimony regarding this opinion

during the examination of Dr. Ben Johnson.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaytsev
Olshan Grundman Frome Rosenzweig
   & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
   & Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
   Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

  *Attorneys for the Defendants and Counterplaintiffs*