**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

vs.                                                                                                                   No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

      Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

      Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

      Counter Defendants.

**ORDER**

      **THIS MATTER** comes before the Court on Dentsply/TDP's Motion to Strike G/G's Exhibit List, filed September 4, 2009 (Doc. 298).  The Court held a hearing on September 10, 2009.  The primary issue is whether the Court should strike Plaintiff and Counter Defendant Guidance Endodontics, LLC and Counter Defendant Charles Goodis' exhibit list based on alleged inadequacies.  For the reasons states on the record and further reasons consistent with those already stated, the Court will deny the motion.  The Court will, however, require Guidance and Goodis to

provide the Defendants with a final exhibit list by close of business on Monday, September 14, 2009. The Court will also move the deadline for presenting objections to the exhibits in the final exhibit list to close of business on Thursday, September 17, 2009.

## PROCEDURAL BACKGROUND

On September 1, 2009, the Court ordered the parties to file exhibit lists by close of business on September 3, 2009. See Clerk's Minutes Before the Honorable James O. Browning at 3, filed September 1, 2009 (Doc. 290). Using those lists, the parties were to begin deciding to which exhibits they would object among those proposed by the opposing counsel. See id. Guidance and Goodis did not file an exhibit list with the Court until September 4, 2009. See Plaintiffs' Trial Witness and Exhibit Lists, filed September 4, 2009 (Doc. 296). Guidance and Goodis served the Defendants' counsel with the list by the September 3, 2009 deadline. See Motion at 1. It is primarily that list with which the Defendants take issue.

The Defendants allege that the exhibit list with which Guidance and Goodis have served them is "woefully inadequate," and therefore move the Court to strike the list, and to order Guidance and Goodis to file a "proper" exhibit list. The Defendants point to four particular inadequacies that are causing them problems: (i) that the exhibits were not properly numbered; (ii) that the list is overly broad and includes so many exhibits -- over 700 -- that the Defendants could not possibly examine each and provide intelligent objections to them in the time allotted; (iii) that the list fails to describe the exhibits by anything other than their Bates numbers, forcing the Defendants to look up each document by number to examine them; and (iv) that the list included "catchall" descriptions referring to entire categories of documents. Motion at 1-3.

In response, Guidance argues that the Defendants' motion was moot in that the exhibit list filed with the Court on September 4, 2009 addresses most, if not all, of the Defendants' concerns.

See Plaintiff's Response to Motion to Strike Exhibit List [Doc. 298] at 1, filed September 9, 2009 (Doc. 304). They also assert that the list provided, which gave the Bates numbers for each exhibit that Guidance planned to use, was sufficient to allow the Defendants to identify each exhibit. See id. at 2. Finally, they argue that they have 700 potential exhibits because there is substantial evidence of the Defendants' wrongdoing and that the Defendants have no right to arbitrarily limit the quantity of evidence that Guidance can present at trial. See id. at 2-3.

At the time of the hearing on this motion, Guidance had substantially pared down their exhibit list, removing a large quantity of duplicate documents, and provided additional identifying data for most exhibits. At that time, the size of the list was close to 500 exhibits. See Transcript of Hearing at 29:7-14 (taken October 10, 2009)(Kelly).[1] Furthermore, Guidance's attorney, John Kelly, informed the Court that it would continue to revise the list and remove exhibits that Guidance did not plan to use as evidence at trial. See Transcript of Hearing at 33:13-35:12 (taken October 10, 2009)(Kelly). The Court understands the Defendants' concern about reviewing so many documents in so short a period of time. It also understands that the Defendants are concerned about reviewing such a large body of documents when Guidance is still in the process of reviewing those documents and may still remove a substantial number of them from the final list. If Guidance successfully eliminates exhibits on its current list, the Defendants may review and formulate objections to potentially hundreds of documents that Guidance decides it does not need. On the other hand, the Court believes that the general format of Guidance's exhibit list is workable and adequate.

For the reasons stated above, those stated on the record and further reasons consistent with those already stated, the Court will deny the motion to strike the list. It will, however, require

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

Case 1:08-cv-01101-JB-KBM   Document 436   Filed 10/13/09   Page 4 of 5

Guidance to develop a finalized exhibit list and serve it on the Defendants by noon on Monday, September 14, 2009. Guidance will make every effort to comb through that list and remove those documents that it will not need at trial. The Court emphasizes, however, that its ruling does not mean that Guidance should compromise its theory of the case or remove documents as to which there is a substantial likelihood that it will need merely because it is not certain that it will use them. The Court will also push back the deadline for filing objections to the proposed exhibits to close of business on Thursday, September 17, 2009.

**IT IS ORDERED** that Dentsply/TDP's Motion to Strike Guidance and Goodis' Exhibit List, filed September 4, 2009 is denied. It is, however, ordered that Plaintiff and Counter Defendant Guidance Endodontics, LLC will provide Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC with a final, revised exhibit list by noon on Monday, September 14, 2009. The deadline for Dentsply and Tulsa Dental to file objections to the proposed exhibits is moved to Thursday, September 17, 2009 at the close of business.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
-4-

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca, LLP
Albuquerque, New Mexico

    *Attorneys for the Defendants and Counter-Plaintiffs*