**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

vs.                                                                           No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

      Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

      Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

      Counter Defendants.

**ORDER**

      **THIS MATTER** comes before the Court on Plaintiff and Counter Defendant Guidance Endodontics, LLC's Motion for Reconsideration of Jury Instruction No. 21, filed October 8, 2009 (Doc. 418). The Court heard argument on the motion on October 8, 2009. The primary issue is whether the Court should modify jury instruction number 21 to instruct the jury to consider two questions of contract interpretation or only one. For the reasons stated on the record and for further reasons consistent with those already stated, the Court will grant the motion in part. While the Court

will not construe the Manufacturing and Supply Agreement as a matter of law as Plaintiff and Counter Defendant Guidance Endodontics, LLC propose, it will declare the contract ambiguous as to the meaning of Exhibit 1 to the Supply Agreement and submit the issue of its meaning to the jury for resolution.

On October 7, 2009 the Court met with counsel to discuss objections to the jury charge. During that meeting, the Court indicated that it would modify proposed Instruction 21. After those changes, the Instruction would read:

### INSTRUCTION NO. 21

The contract is ambiguous whether it requires Guidance to prove Dentsply and/or Tulsa Dental with detailed engineering drawings before Dentsply and/or Tulsa Dental would produce the V2 file. You must determine whether the ".04 Taper" under the section titled "3. EndoTaper Constant Taper Sizes" on the first page of Exhibit 1 to the Manufacturing and Supply Agreement refers to the V2. If it does, then the Manufacturing and Supply Agreement does not require Guidance to provide Dentsply and/or Tulsa Dental with engineering drawings detailing product specs and tolerances. If the ".04 Taper" under the section titled "3. EndoTaper Constant Taper Sizes" on the first page of Exhibit 1 of the Manufacturing and Supply Agreement does not refer to the V2, then Guidance was required to provide Dentsply and/or Tulsa Dental with such engineering drawings.

If you determine that the V2 and the .04 Taper are the same, and you find that Guidance froze the design of the V2, then after that, engineering drawings of the V2 detailing product specs and tolerances were required for minor changes.

Motion Exhibit A, filed October 8, 2009 (Doc. 418-2). On October 8, 2009, Guidance filed a motion asking the Court to reconsider this proposed instruction. In its briefing, Guidance asked the Court to declare the contract ambiguous whether the contract required detailed engineering drawings for changes after a design was frozen or whether the contract required detailed engineering drawings only for changes to a file in production. See Motion at 1-3 ("[T]he Second Paragraph [of the Court's proposed instruction] involves an ambiguous contract term."). At the hearing, Guidance urged the Court to declare the contract as unambiguously requiring engineering drawings only after a product

is in production, but not when that product's design is frozen. See Hearing Transcript at 30:1-23 (taken October 8, 2009)(Kelly)("No I'm not saying there is an ambiguity. There is no ambiguity. I think there's no ambiguity at all in the contract . . . .").[1] After considering Guidance's brief and the arguments of counsel, the Court believes that there is an additional ambiguity in the contract that must also be submitted to the jury. In light of that ambiguity, for the reasons stated on the record and further reasons consistent with those already stated, the Court will grant the motion in part and rewrite Instruction 21 as follows:

### INSTRUCTION NO. 21

The contract is ambiguous whether it required Guidance to provide Dentsply and/or Tulsa Dental with detailed engineering drawings before Dentsply and/or Tulsa Dental would produce the V2 file. You must determine whether the ".04 Taper" under the section titled "3. EndoTaper Constant Taper Sizes" on the first page of Exhibit 1 to the Manufacturing and Supply Agreement refers to the V2. If the ".04 Taper" under the section titled "3. EndoTaper Constant Taper Sizes" on the first page of Exhibit 1 of the Manufacturing and Supply Agreement does not refer to the V2, then Guidance was required to provide Dentsply and/or Tulsa Dental with such engineering drawings.

If you determine that the V2 and the .04 Taper are the same, there is a further ambiguity what the word "files" means in the bold paragraph at the top of page 1 on Exhibit 1 of the contract. If you find that the word "file" in the fifth sentence of the paragraph refers to frozen designs of files, and find that Guidance froze the design of the V2, then after that, engineering drawings for the V2 detailing product specs and tolerances were required for minor changes. If, on the other hand, you find that the word "file" refers only to files in production, the Manufacturing and Supply Agreement does not require Guidance to provide Dentsply and/or Tulsa Dental with engineering drawings detailing product specs and tolerances until it makes minor changes to the files in production.

Court's Final Jury Instructions (Given), Instruction 21, at 21, filed October 8, 2009 (Doc. 430).

**IT IS ORDERED** that Plaintiff and Counter Defendant Guidance Endodontics, LLC's

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

Motion for Reconsideration of Jury Instruction No. 21 is granted in part.  The Court will not adopt the Plaintiff's construction of Exhibit 1 as a matter of law, but will declare the Manufacturing and Supply Agreement to be ambiguous in part and instruct the jury to construct that ambiguous portion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
   & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
   Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca, LLP
Albuquerque, New Mexico

> *Attorneys for the Defendants and Counter-Plaintiffs*