IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.  No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendants.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff and Counter Defendant Guidance Endodontics, LLC's Motion to Determine Whether Contract Provision is Ambiguous and to Allow Consideration of Expert Testimony on Trade Usage, Custom and Practice to Interpret Ambiguous Provision, filed October 4, 2009 (Doc. 404). The primary issue is whether the Court should find that the Manufacturing and Supply Agreement that is the center of the parties' dispute in this case is ambiguous, and allow the jury to consider testimony of Guidance's expert on trade usage and

custom when construing the ambiguous portion of the contract. For the reasons stated on the record and for further reasons consistent with those already stated, the Court will grant the motion in part and instruct the jury that the contract is ambiguous and that it may consider trade usage -- among other things -- in resolving the ambiguity. The Court denies the motion insofar as it requests an instruction drawing the jury's attention to the testimony of Guidance's expert witness on what constitutes trade usage.

This case centers on a Manufacturing and Supply Agreement entered into by the parties and allegedly breached by both of them. Until recently, neither party asserted that the contract was ambiguous. On October 4, 2009, Guidance moved the Court to examine some specific provisions and determine whether it was, in the Court's view, ambiguous. Specifically, Guidance asked the Court to determine whether

> the contract provisions that address whether Guidance is entitled to freeze a final design of the V2 file, and have that file manufactured and supplied by Defendants, without being obligated to prepare and provide detailed engineering drawings of the V2 file as a condition precedent to Defendants manufacture and supply of the V2.

Motion at 1. Guidance further requests that, if the Court finds that the provision is unambiguous, to instruct the jury that it was not required to provide Dentsply and Tulsa Dental with engineering drawings prior to freezing its design and receiving its product. See id. at 2.

The ambiguity to which Guidance refers comes from the following two portions of the Supply Agreement. The first is Exhibit 1, which is attached to the Supply Agreement and states:

> **The following is a list of products/specifications for the Guidance Products. Guidance from time to time may make minor changes (not to exceed 3 minor changes per year utilizing stock materials and/or processes validated on existing production equipment and complete with engineering drawings detailing product specs and tolerances) to the .04 and .06 taper files by changing the tip, number of flutes, and color of stopper on the files, provided that in any event, TDP shall not be required to make any prototypes for any such changes and TDP would have 120 days from the request to implement the changes on**

> **prospectively produced products. Any dissatisfaction of Guidance with such changed files shall be at its risk and shall not constitute the basis for a claim of a non-conforming product.**

Application for Temporary Restraining Order Exhibit A, at 24, filed November 21, 2008 (Doc. 2-2) ("TRO App.")(emphasis in original). One of the products specified in Exhibit 1 is described as "**EndoTaper Constant Taper**[] .04 Taper -- Sizes 15, 20, 25 (Designs not frozen -- Dentsply will make two rounds of prototypes for each size. . . . [)]." TRO App. Exhibit A, at 24 (emphasis in original). The second relevant provision is Paragraph 4.5, which states: "New Products. If Guidance desires to have TDP manufacture endodontic files or obturators which are improvements or successor products (of similar design) to the Guidance Files and Guidance Obturators, Guidance will present product specifications to TDP for such products." Application for Temporary Restraining Order Exhibit A ¶ 4.5, at 6.

The parties disagree on the combined effect of these provisions. It appears to the Court that the disagreement boils down to when the parenthetical in the middle of the first sentence of Exhibit 1 applies. That provision appears to require that, if Guidance wants the Defendants to make "minor changes" to "the Guidance Products," such request must include "engineering drawings detailing product specs and tolerances." Id. Exhibit A, at 24. Both parties appear to concede that this requirement of engineering drawings does not apply during the initial design stages. See Transcript of Hearing at 35:1-37:4 (taken October 8, 2009)(Avitia)("Oct. 8 Hearing"); Oct. 8 Hearing at 23:8-11, 30:1-9 (Kelly).[1] The question is: when does the provision apply? In other words, when, in the process of creating a product, does the idea become a "Guidance Product," and thereby become subject to the requirement that any requests for minor changes must be accompanied by engineering

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

drawings? The Defendants take the position that detailed engineering drawings are required for minor changes to a product once the product's design has been "frozen," see Oct. 8 Hearing at 35:1-37:4 (Avitia), whereas Guidance argues that drawings are required only after the product has been manufactured and exists in physical form, see Oct. 8 Hearing at 23:8-11, 30:1-9 (Kelly); Motion at 3.

The Court acknowledges that the parties' disagreement about what the contract means does not create an ambiguity. See Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co., 616 A.2d 1192, 1196 (Del. 1992). The Court, however, has reviewed the language of the contract in light of the arguments of counsel and believes that both parties' interpretations are reasonable. As the Court ruled orally on October 8, 2009, and has since stated in a written Order accompanying that oral ruling, see Order at 2-3, filed October 13, 2009 (Doc. 437), the contract is ambiguous on this point. Accordingly, the Court has instructed the jury regarding construction of ambiguous contract terms, in accordance with the Delaware pattern jury instructions, and has instructed the jury that it must resolve this particular ambiguity. See Del. P.J.I. Civ. § 19.15 (2000) (Construction of ambiguous contract terms); Court's Final Jury Instructions (Given), Instruction 22, at 22, filed October 8, 2009 (Doc. 430) (using Delaware P.J.I. with modifications to reflect the Court's prior ruling on course of dealing evidence and Eagle Indus. v. DeVilbiss Health Care, 702 A.2d 1228, 1223 (Del. 1997)); id. Instruction 21, at 21 (instructing the jury as to what ambiguities it should resolve). To that extent, therefore, the Court grants Guidance's motion.

The Court's instructions also inform the jury that it may consider trade usage when attempting to resolve the ambiguities. See Court's Final Jury Instructions (Given), Instruction 22, at 21, filed October 8, 2009 (Doc. 430). The Court believes that this instruction adequately addresses Guidance's concerns. To the extent that Guidance's motion sought an instruction

specifically referring the jury to the testimony of its expert witness, John Desrosiers, on trade usage and custom, the Court believes that such instruction could put unnecessary weight on the testimony of that witness. The Court therefore denies the motion to the extent that it requests an instruction specifically referring the jury to Desrosiers' testimony.

**IT IS ORDERED** that Plaintiff and Counter Defendant Guidance Endodontics, LLC's Motion to Determine Whether Contract Provision is Ambiguous and to Allow Consideration of Expert Testimony on Trade Usage, Custom and Practice to Interpret Ambiguous Provision is granted in part. The Court has found that the contract terms referenced in the Motion are ambiguous and has instructed the jury (i) that it should resolve the ambiguity; and (ii) what it should consider in resolving that ambiguity, which includes trade usage. The Court declines to expressly instruct the jury that it may consider the testimony of John Desrosiers, one of Guidance's expert witnesses, in determining what constitutes trade usage.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca L. Avitia
Lewis and Roca, LLP
Albuquerque, New Mexico

       *Attorneys for the Defendants and Counter-Plaintiffs*