IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,

       Plaintiff,

vs.                                                                No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's First Omnibus Discovery Motion,

filed July 21, 2009 (Doc. 204).  The Court held a hearing on September 1, 2009.  The primary issues

are: (i) whether the Court should order Defendants and Counter Plaintiffs Dentsply International,

Inc. and Tulsa Dental Products, LLC ("the Defendants") to produce certain documents in response

to discovery requests; (ii) whether the Court should compel James Mosch, Dentsply's Executive

Vice-President, to sit for a second deposition because he refused to answer certain questions in his

first deposition; and (iii) whether the Court should sanction the Defendants for failing to comply with certain Orders of the Court.  The motion initially had a fourth issue regarding whether the Court should compel the Defendants to re-produce certain redacted documents to Plaintiff and Counter Defendant Guidance Endodontics, LLC in un-redacted form.  The Court ruled on that latter part of the motion on September 21, 2009.  <u>See</u> Order at 2, filed September 21, 2009 (Doc. 351).  For the reasons stated on the record and further reasons consistent with those already stated, the Court will deny the motion in part and grant it in part.  To the extent that Guidance asks the Court to compel production of documents, the Court will deny the motion.  The Court will grant the motion to the extent that it asks the Court to order James Mosch to respond to certain deposition questions, and will grant Guidance partial attorneys' fees and costs.

In its motion, Guidance asks the Court to compel production of certain documents and compel Mosch to respond to certain deposition questions.  <u>See</u> Motion ¶¶ 2-5, at 2-3.  Guidance further asks the Court to sanction the Defendants for their failure to comply with the Court's prior instructions.  <u>See</u> Motion ¶¶ 27-35, at 12-15.  The Defendants generally argue that these are minor issues that do not justify "raising a ruckus" and filing this kind of motion.  Dentsply/TDP's Response to Plaintiffs' First Omnibus Discovery Motion [Doc. 204] at 1, filed July 31, 2009 (Doc. 217)("Response").  While the Defendants' response has a section entitled "Attorney's Fees and Contempt," they do not clearly address the issue of sanctions other than to call Guidance's motion "unnecessary," and to assert that it "misstates facts" and "bypasses a simple request to submit redacted documents in camera."  Response at 6-7.

**1.      <u>The Court Will Not Order Production of Documents that the Defendants'</u>**
**<u>Counsel Represented Do Not Exist.</u>**

Guidance's first request in this motion is that the Court compel the Defendants to produce

"all pertinent documentation including, inter alia, the data sheets, device history records ('DHRs'), and data collection sheets for all of the files Defendants prototyped or manufactured for Guidance." Motion ¶ 8, at 3.  Guidance insists that the Defendants have produced some, but not all, of these documents.  See id.  Specifically, it asserts that the Defendants have produced no data sheets or DHRs for any of the four Guidance files that the Defendants have prototyped for Guidance.  See Motion ¶ 10, at 4.[1]  The Defendants devote much time to correcting some of Guidance's factual assertions and jabbing Guidance for unreasonably delaying in seeking production of these documents.  See Response at 1-2.  They further assert that they gave Guidance many of the documents that Guidance now contends it did not receive, that they have turned over all documents responsive to this request that they have found, and that they will continue to look for other documents responsive to the request and produce them.  See Response at 2-3.

Furthermore, Thomas Gulley, speaking for the Defendants, represented to the Court during the hearing on this motion that the Defendants have produced all documents that Guidance now seeks and that no further documents -- to his knowledge -- exist.[2]  After some discussion during that hearing, John Kelly, attorney for Guidance, made statements that might be interpreted as withdrawing his motion to compel.  Whether withdrawn or not, however, the Court will not compel further production.  In light of Mr. Gulley's representation, for the reasons stated on the record and further reasons consistent with those already stated, the Court believes that ordering production would be inappropriate.

---

[1] Those files, specifically, are "a French V-file; the new Goodis-designed variable taper file, the .04 constant taper file, and the .06 EndoTaper file."  Motion ¶ 10, at 4.

[2] More specifically, Mr. Gulley represented that the Defendants had produced all data sheets and device history records that existed as of July of 2009.

2.      **The Court Will Compel Mosch to Answer Guidance's Questions and Any Appropriate Follow-Up Questions.**

Guidance asks the Court to compel Mosch to answer certain deposition questions.  <u>See</u> Motion ¶ 21, at 9-10.  It argues that Mosch intentionally failed to answer a question regarding the Defendants' market share in the NiTi rotary file market.  <u>See</u> Motion ¶ 22, at 11.  Guidance asserts that it is entitled to this information and that the Court should compel Mosch to sit for a further deposition and answer the previously refused questions and any follow-ups that Guidance may have. <u>See</u> Motion ¶ 23, at 10-11.  Finally they request that the Defendants be compelled to pay the attorneys' fees that Guidance has incurred in bringing this motion and seeking this evidence.  <u>See</u> Motion ¶ 26, at 11.  The Defendants respond -- after once again complaining about how long it took Guidance to bring up this discovery issue -- that the Defendants have already provided Guidance with an affidavit by Mosch that answered the question that Guidance had asked in deposition.  <u>See</u> Response at 6.  In Guidance's reply, in light of the Defendants' giving it Mosch's affidavit, Guidance withdrew its request to have Mosch sit for another deposition and request only that the Court compel the Defendants to pay Guidance's attorneys' fees associated with bringing this motion. <u>See</u> Reply Brief in Support of Plaintiffs' First Omnibus Discovery Motion at 8, filed August 17, 2009 (Doc. 254).

Notwithstanding Guidance's withdrawal of its request to re-depose Mosch, the Court recognizes that an affidavit answering certain questions is not the equivalent of getting a straight answer on those same questions during a deposition.  In a deposition, the deposing attorney has the opportunity to explore issues with follow-up questions based on the answers given.  Thus, for the reasons stated on the record, and further reasons consistent with those already stated, the Court will order Mosch to be available to answer those questions that he failed to properly answer in the initial

deposition and, further, to answer any follow-up questions that Guidance might have.  If Guidance should so choose, Mosch must provide this additional testimony, under oath, either by pre-trial video-conference or while he is present in Albuquerque for the trial of this case.

3.    **The Court Will Not Sanction the Defendants, but Will Award Guidance a Portion of Its Fees Related to Filing this Motion.**

As its final point, Guidance asks the Court to sanction the Defendants for alleged failure to comply with Orders of this Court.  See Motion ¶¶ 30-34, at 13-14.  Guidance does not clearly explain with which Orders it alleges that the Defendants did not comply.  The motion appears to ask the Court to level sanctions against the Defendants because of their alleged general incorrigibility during the discovery process.  Specifically, Guidance asks the Court to:

- Sanction Defendants' by prohibiting them from opposing G/G's assertion that Defendants' design history files in general and device history records in particular are deficient and incomplete for the Guidance files, that Defendants' records are inadequate and inconsistent with their own record keeping policies, that Defendants have not followed the same policies and procedures for the manufacture of Guidance's files as Defendants follow in connection with the manufacture of their own files, and that Defendants' record keeping with respect to the Guidance files fails to meet applicable FDA regulations.

- Require the immediate production (two business days) of all documents Defendants have failed to produce to date as requested herein.

- Require a follow-up deposition of James Mosch; absent fully responsive answers to Plaintiffs' questions concerning market share in a second deposition of Mr. Mosch, Defendants should be prohibited from rebutting or opposing Plaintiffs' testimony at trial with respect to Defendants' market share for obturators and NiTi Rotary Files.

- Hold Defendants in contempt for producing redacted documents as listed on Exhibit F in disregard of Court's orders.

- Award Plaintiffs their attorneys' fees incurred in pursuing this motion.

Motion ¶ 35, at 14-15.  The Defendants do not directly address this point, apparently resting on their

merits arguments to rebut any assertion that they should be sanctioned.

As Guidance recognizes in its motion, the imposition of sanctions under rule 37(b) of the Federal Rules of Civil Procedure is within the Court's sound discretion.  See Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); Fed. R. Civ. P. 37(b)(2) ("(A) Sanctions in the District Where the Action is Pending. . . . the court where the action is pending may issue further just orders.") (emphasis added).  The Court does not believe that substantial sanctions are warranted in this case.  This case is a complex one with lots of documents and witnesses, and each party has done things during the course of discovery about which the other side had good cause to complain.  The Court did not find, in ruling on this motion, that the Defendants had failed to turn over the requested documents.  Further, while the Court previously determined that the Defendants needed to further disclose the contents of some documents that they produced to Guidance in redacted form, see Order, filed September 21, 2009 (Doc. 351), the redactions were not so unreasonable that the Court believes they were made in bad faith, or to withhold relevant and damaging evidence from Guidance.

On the other hand, because the Court is granting a portion of Guidance's motion (which is, effectively, a motion to compel), an award of attorneys' fees is authorized under rule 37(a).  See Fed. R. Civ. P. 37(a)(5)(C) (allowing the Court to apportion fees when a motion to compel is granted in part and denied in part).  The Court will therefore award Guidance two-thirds of the fees that it incurred in drafting this motion and reply, and two-thirds of those incurred in arguing the motion before the Court.

**IT IS ORDERED** that the Plaintiff's First Omnibus Discovery Motion is granted in part and denied in part.  Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC will make available James Mosch.  Mosch will answer, at that time, under oath, the

questions that Guidance propounded during his deposition as well as any follow-up questions that his answers may raise.  This question-and-answer session may be by video-conference pre-trial or while Mosch is in Albuquerque for the trial of this case, as Plaintiff Guidance Endodontics, LLC prefers.  The Court will deny the motion to the extent it seeks production of documents concerning the design and development of the Guidance NiTi files because the Defendants' counsel has represented to the Court that he has diligently searched for such documents and that he has produced all such documents that he has found.  Finally, the Court will deny Guidance's request for sanctions but orders the Defendants to pay to Guidance two-thirds of the attorneys fees that it incurred in drafting this motion and reply, and two-thirds of the fees that it incurred in arguing this motion before the Court.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaytsev
Olshan Grundman Frome Rosenzweig
   & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
   & Sisk, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff and Counterdefendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

*Attorneys for the Defendants and Counterplaintiffs*