## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

        Plaintiff,

vs.                                             No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

        Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

        Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

        Counter Defendants.

### MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Plaintiffs' Second Omnibus Discovery Motion, filed August 6, 2009 (Doc. 233).  The Court held a hearing on September 1 and 2, 2009. The primary issues are: (i) whether the Court should order Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC to produce certain documents in response to prior Orders of the Court; (ii) whether the Court should compel additional disclosure of

certain documents on the Defendants' privilege log after *in camera* review; (iii) whether the Court should give Guidance leave, in advance, to file further motions to compel; and (iv) whether the Court should award Guidance attorneys fees or sanction the Defendants for their discovery conduct. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court grants the motion in part and denies it in part.

## ANALYSIS

Guidance is convinced that the Defendants have more documents responsive to its requests for production.  The Defendants repeat that they have provided all requested documents.  Based on counsel's representations to Guidance and to the Court, the Court shall deny Guidance's requests for orders to compel.

## I.    THE COURT WILL NOT ORDER FURTHER COMPLIANCE WITH GUIDANCE'S REQUESTS FOR PRODUCTION.

The first portion of Guidance's Second Omnibus Discovery Motion asks the Court to compel the Defendants to produce certain documents that have previously been the subject of an Order compelling production.  See Motion at 1-2.  In general, the Defendants respond that they have fully complied with this Court's Orders and that Guidance makes this request either because Guidance has lost documents that the Defendants have already produced or because Guidance "simply refuse[s] to accept that discovery in this case has drawn to a close."  Dentsply/TDP's Response to G/G's Second Omnibus Discovery Motion at 1, filed August 14, 2009 (Doc. 247)("Response"). The Court accepts the Defendants' representations.

### A.    THE DEFENDANTS HAVE FULLY RESPONDED TO REQUEST 2:2.

The second inquiry in Guidance's second Request for Production (Request 2:2), as the Court modified it, sought the following: "Defendants' product pricing and product marketing policies and

practices, including practices with respect to account history, sales volume, product lines, new and competitors accounts, incentives and promotions, sales strategies and product price lists for the sale of the products (files, obturators, and ovens)." Motion at 3 (citing Defendant/Counter [sic] Dentsply International, Inc. and Tulsa Dental Products, LLC Responses to Plaintiff Guidance Endodontics, LLC and Counterclaim Defendant Charles Goodis' Second Request for Production of Documents at 3, filed May 4, 2009 (Doc. 105-4)("Defendants' RFP Response") and Sealed Memorandum and Order at 15, filed July 14, 2009 (Doc. 194)("RFP Order")).  Guidance argues that the Defendants have turned over no documents responsive to this request even though Guidance's expert, Lynne Weber, has stated that companies like Dentsply or Tulsa Dental always have such documents.  See Motion at 2-4.  The Defendants respond that this is a narrow request and that the documents that have been produced, although few in number, are all the responsive documents that exist.  See Response at 2.  The Court will accept the Defendants' representations.

**B.     THE DEFENDANTS HAVE FULLY RESPONDED TO REQUEST 2:3.**

Guidance's third request in its second request for production (Request 2:3) sought the following:

> **Second Request No. 3**:   Industry studies and primary and secondary market research, both qualitative and quantitative, proprietary and non-proprietary, to include those studies commissioned by the Defendants, done by the Defendants or purchased by the Defendants that concern or refer to the products, including without limitation (a) Guidance's and Defendants' endodontic brand, including the value of the brand, the quality of the brand, customer attitudes toward the brand and brand management; and (b) customer trends and needs including customer willingness to change brands in response to changes in price, customer attitudes toward product quality, customer reviews about the various competitors['] products in the marketplace.  Customer receptivity to buying and using a range of endodontic instruments from different manufacturers or suppliers and how customers communicate and refer to the products.

Motion at 4 (citing Defendants' RFP Response at 3-4 and RFP Order at 16).  Again, Guidance

asserts that the Defendants have produced no documents responsive to this request, and, again, that Weber has stated that companies like Dentsply and Tulsa Dental "regularly" collect such market research.  Motion at 4-5.  The Defendants represent that they have no documents responsive to this request except, arguably, the Millennium Research Group report, of which they assert that Guidance is already in possession.  See Response at 2.  The Court will accept the Defendants' representations and will not compel further production.

### C.     THE DEFENDANTS HAVE FULLY RESPONDED TO REQUESTS 1:10 AND 1:11.

The tenth inquiry in Guidance's first request for production of documents (Request 1:10) reads: "All documents relating or referring to Defendants' requirements, requests, use, or necessity of engineering drawings in creating and/or developing prototypes for wholesale customers and/or developing prototypes for wholesale customers and/or licensees."  Motion at 5 (citing Defendants' RFP Response at 7 and RFP Order at 13).  The eleventh inquiry in Guidance's first request for production (Request 1:11) seeks "Defendants' policies and procedures with respect to the production or development of endodontic files . . . 'for wholesale customers.'"  Motion at 5.  Guidance asserts that the Defendants have produced no documents responsive to either of these requests.  See id. at 5.  The Defendants again aver that no such documents exist.  See Response at 2.

Guidance insists that production of these documents is particularly important because they are "material to Plaintiffs' case" for various reasons.  Motion at 5-6.  They also make a subtle argument that the Defendants must have some of the documents requested because such documents are mandated by FDA regulations, which govern the Defendants' conduct.  See Motion at 6-8.  Guidance argues that the Defendants either (i) have read Requests 2:2 and 2:3 too narrowly, in which case the Court should require the Defendants to produce all sales and marketing data

"irrespective of whether the documents reference specific endodontic products such as filed or obturators, and irrespective of whether the documents include references to Guidance or other competitors," Motion at 9, or (ii) do not have any such documents, in which case Guidance asks the Court to order the Defendants to execute an affidavit attesting to the non-existence of those documents and that the Defendants have not, in fact, destroyed the documents, id. at 9-10. Regarding Requests 1:10 and 1:11, Guidance argues that, because "[i]t is clear . . . that [the Defendants] have nothing in writing" responsive to the requests, the Court should order the Defendants to produce documents that it has previously held the Defendants are not required to produce: documents relating to the Global Innovation Process (GIP), see id. at 10-11, and should preclude the Defendants from asserting at trial that any such documents do, in fact, exist, see Reply Brief in Support of Plaintiffs' Second Omnibus Discovery Motion at 3, filed August 31, 2009 (Doc. 284). The Defendants respond that, if no documents exist, there is nothing to produce, and requiring them to sign an affidavit is unnecessary. See Response at 2. They further argue that the Court should not permit Guidance to request more documents -- specifically, those related to the GIP process -- simply because their more narrow document requests yielded no documents. See id. at 2-3.

The Court must be able to accept the representations of counsel that it has turned over its responsive documents and that no others exist. Regardless of what federal regulations may require the Defendants to have or what Guidance's expert expects the Defendants to have, if counsel represents to the Court that no such documents exist, the Court doubts that an order compelling production will make any difference. Therefore, for the reasons stated on the record and for further reasons consistent with those already stated, the Court denies the motion to compel. Also, to the extent that Guidance asks the Court to expand the requests to include documents relating to GIP process, the Court likewise denies that motion. That the narrowed request yielded no documents

is no reason to allow Guidance to take a second bite at the apple.

## II. THE DEFENDANTS' PRIVILEGE LOG IS INADEQUATE, AND THE COURT WILL ORDER CORRECTION TO REMEDY THE DEFICIENCIES.[1]

Guidance asserts that the Defendants' privilege log fails to specify certain necessary information, such as author/sender and/or recipient of the communication. See Motion at 11. Guidance argues that this deficiency makes review of the log more cumbersome and renders impossible review of those documents that have not at least been produced in redacted form with the To/From headers intact. See id. It further argues that some of those documents that were produced had the header redacted as well as the contents. See id. Guidance contends that this lack of data makes meaningful review of the privilege log -- to assess the likelihood that privilege is being asserted improperly -- impossible. See Motion at 12. The Defendants offered to correct and re-disclose any documents where the header information was accidentally obscured or redacted, see Reply at 5, but Guidance asserts that the documents are too numerous to review individually, and asks the Court to order the Defendants to review them or to reimburse Guidance for the cost of such review, see Reply at 5-6.

Next, Guidance asserts that the Defendants' redaction log has serious deficiencies, such as providing, in some instances, nothing more than a range of Bates numbers to describe the allegedly privileged and/or redacted documents. See Motion at 12. In other instances, the log fails to specify the basis of the redactions. In yet other instances, documents were sent and/or received by individuals who are not identified anywhere on the log. See Motion at 12. Because Guidance does not know whether those individuals are the Defendants' employees or attorneys, Guidance asserts

---

[1] In their Response, the Defendants address a number of other documents -- 4:13, 4:14, and 5:2 -- that are not the subject of this motion. See Response at 3-4; Reply at 4-5. The Court does not address these arguments in its opinion.

that it is impossible for Guidance to determine whether the assertion of privilege is proper respecting documents sent to or from those individuals.  See id. at 12-13.  The Defendants' logs are also allegedly deficient because the document descriptions are too ambiguous, rendering Guidance unable to determine whether the document is likely to contain unprivileged "business" advice rather than privileged "legal" advice.  Finally, Guidance complains that the log often fails to differentiate between a direct recipient and a carbon-copy recipient, which Guidance asserts is relevant to determining whether privilege was properly asserted.  See id. at 14.  The premise seems to be that a document sent directly to or from an attorney is more likely to be privileged than a document that was sent to an employee and carbon-copied to the attorney.[2]

In response, the Defendants assert that all of Guidance's complaints are "meritless." Response at 4.  First, they contend that the documents which Guidance complains were not produced were, in fact, produced.  See id. at 4.  Next, they argue that they may not have included the To/From information in the redaction and privilege logs, but that they included the subject for every communication and that the documents contain, unredacted, the To/From information that Guidance seeks.  See id.  The Defendants argue that this disclosure is sufficient to satisfy the disclosure requirement of rule 26(b)(5) of the Federal Rules of Civil Procedure.  They also assert that Guidance should have made these objections with their previous objections to the Defendants' privilege logs, making the objections untimely.  See Response at 4.  Next, the Defendants insist that they have never completely withheld redacted documents and that those have always been disclosed.  See Response 6.  They contend that the failure to include the identity of certain individuals in the

---

[2] Notwithstanding all of the alleged deficiencies, Guidance informs the Court that it will be selecting a small sample of documents from those that the Defendants withheld and submitting those to the Court for *in camera* review.  See Motion at 14.

privilege/redaction logs was mere oversight.  <u>See</u> Response at 7.  With respect to Guidance's complaint that the logs do not differentiate between direct and carbon-copy recipients of documents, the Defendants insist that Guidance has waived this complaint by not bringing it up sooner and that Guidance's logs suffer from the same deficiency.  <u>See</u> Response at 8.  Finally, the Defendants assert that their document descriptions comply with the Court's orders, properly describe each document, and, at least with reference to the example given in Guidance's motion, contain as much detail as was available in the document itself.  <u>See</u> <u>id.</u>

   For the reasons stated on the record and further reasons consistent with those already stated, the Court grants the motion with respect to this request in part, and denies it in part.  The Defendants are ordered to either (i) provide a redaction log that has the appropriate sender and recipient information, or (ii) review all documents that they have thus far produced in redacted form and ensure that the sender and recipient information in those documents is not obscured or accidentally redacted.  The Court will not, however, require the Defendants to amend their privilege log to include more information about the identity and position of persons that were omitted from the log.  Guidance has admitted to the Court that it has already contacted the Defendants and learned who these individuals are; it asks the Court to order the Defendants to amend the privilege log to reflect information that Guidance already has.  The Court is unwilling to do so.  Nor will the Court require the Defendants to amend their logs to reflect what patents the privileged and redacted communications discuss, as the Court is not convinced that such information would further the purpose of the redaction log -- to give the recipient a basis to challenge the redaction or non-disclosure.  The Court believes that this part of Guidance's request is made for tactical reasons and not for the purpose of determining whether the documents are truly privileged.

### III.    THE COURT WILL NOT GRANT GUIDANCE LEAVE TO FILE MORE MOTIONS AT THIS TIME.

Although Guidance mentions it in the opening paragraph, Guidance's motion does not argue for leave to file further discovery motions.  The Defendants' Response argues that it is premature to seek leave, as they have and will continue to comply with the Court's orders.  <u>See</u> Response at 9.  Guidance asserts that the "Defendants' history of resisting the forthright production of documents" makes likely a need for further discovery motions.  Reply at 9.  The Court sees no reason to give Guidance a blank check to make further discovery motions when it can request leave to file motions on an as-needed basis.  The Court will therefore deny Guidance's request for leave to file more motions without prejudice to Guidance moving for leave to file other motions if they are needed.

### IV.    THE COURT WILL NOT AWARD EITHER PARTY ATTORNEYS' FEES.

The body and prayer of Guidance's motion makes no request for attorneys' fees, although Guidance mentions fees in the list of issues that the motion will cover.  <u>See</u> Motion at 1.  The Defendants insist that Guidance is not entitled to attorneys' fees because it failed to satisfy rule 37's mandatory "meet-and-confer" requirement.  Response at 9.  They assert that they deserve fees for having to respond to these motions when a congenial telephone call would solve the problems about which Guidance complains.  <u>See</u> Response at 9-10.  Guidance argues that it would have met and conferred if the Defendants had agreed to an extension of time to file discovery motions, but they would not make such a concession.  <u>See</u> Reply at 9-10.

The Court will not award fees on the motion.  Although Guidance was partially successful in its motion -- the Defendants will have to amend their redaction log or re-review all disclosed redacted documents -- the Court does not believe an award of fees is appropriate.  Rule 37(a)(5)(C)

states: "If the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  The only aspect of its motion on which Guidance is successful appears to be information inadvertently redacted from disclosed documents.  Because the Court grants this motion in part and denies it in part, the Court has discretion to apportion attorneys fees as it feels appropriate.  The Court holds that the Defendants' mistaken redaction does not warrant an award of attorneys' fees on this motion.

**IT IS ORDERED** that the Plaintiffs' Second Omnibus Discovery Motion is granted in part and denied in part. Defendants and Counter Plaintiffs Dentsply International, Inc. and Tulsa Dental Products, LLC are ordered to either (i) provide a redaction log that has the appropriate sender and recipient information, or (ii) review all documents that they have thus far produced in redacted form and ensure that the sender and recipient information in those documents is not obscured or accidentally redacted.  If the Defendants take the second option, they must also provide a letter certifying that they have completed the document review and have found no other documents in which the header information is inadvertently omitted.  The remainder of the motion is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaytsev
Herbert C. Ross
Olshan Grundman Frome Rosenzweig
  & Wolosky, LLP
New York, New York

-- and –

-10-

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff and Counterdefendants*

Howard M. Radzely
W. Brad Nes
Morgan Lewis & Bockius LLP
Washington, DC

-- and –

R. Ted Cruz
Morgan Lewis & Bockius LLP
Houston, Texas

-- and –

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

      *Attorneys for the Defendants and Counterplaintiffs*