IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.                                                                                               No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants.

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Dentsply/TDP's Motion in Limine to Exclude Certain Testimony and Documentary Evidence, filed July 31, 2009 (Doc. 224). The Court held a hearing on September 2, 2009 and September 3, 2009. In their motion, the Defendants Dentsply International, Inc. and Tulsa Dental Products, LLC ("TDP") seek to "exclude all mention, testimony and documentary evidence about or related to" six issues: (i) the United States Court of Appeals for the Third Circuit's opinion in a 1999 lawsuit filed in the United States District Court for the District

of Delaware, United States v. Dentsply International, Inc., 399 F.3d 181 (3d Cir. 2005); (ii) other Dentsply litigation, specifically a 1996 case regarding a company called Tycom; (iii) the Wong patent (U.S. patent number 6,206,695); (iv) the final judgment in the patent litigation between Plaintiff and Counter Defendant Guidance Endodontics, LLC and Dentsply; (v) the fact that counsel for the Defendants has retained Brian McDonald, expert witness for Guidance in this case, in connection with prior litigation; and (vi) TDP income statements, sales data, and customer data.  The primary issue is whether the Court should exclude some or all of the items of evidence about which the Defendants complain.  For the reasons stated on the record, for further reasons consistent with those already stated, and for the reasons explained below, the Court will grant in part and deny in part the motion.  The Court grants the motion with respect to the Third Circuit's opinion in United States v. Dentsply International, Inc. ("U.S. v. Dentsply").  The motion is otherwise denied.

## FACTUAL BACKGROUND

This case concerns a lawsuit that Guidance, a small endodontic-equipment company, has brought against the much larger Defendants, who are both Guidance's rivals and its suppliers.  More background on the lawsuit generally is set forth in the Court's earlier opinion.  See Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 2008 WL 6013069, at *1-5 (D.N.M. Dec. 15, 2008) (Browning, J.).  The parties have a rich and varied history, and this motion spans too wide an array of issues to provide a helpful introductory narrative.  Instead, the Court will address the Defendants' motion by category of evidence sought to be excluded and endeavor to provide sufficient background to give each analysis context.

## THE LAW REGARDING RELEVANT EVIDENCE

The threshold issue in determining the admissibility of evidence is relevance.  As a baseline, under the Federal Rules, all evidence that is relevant is admissible -- unless another law or rule

excludes the evidence -- and any evidence that is not relevant is not admissible. See Fed. R. Evid. 402.[1] The standard for relevance is very liberal. See United States v. Leonard, 439 F.3d 648, 651 (10th Cir. 2006)("Rule 401 is a liberal standard.")(citing United States v. McVeigh, 153 F.3d 1166, 1190 (10th Cir. 1998)). The evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. See United States v. Leonard, 439 F.3d at 651. "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "any tendency" to do so. United States v. Jordan, 485 F.3d 1214, 1218 (10th Cir. 2007). See United States v. Leonard, 439 F.3d at 651; United States v. McVeigh, 153 F.3d at 1190.

On the other hand, although the threshold burden is low, the rules do "not sanction the carte blanche admission of whatever evidence a defendant would like. The trial judge is the gatekeeper under the Rules of Evidence." United States v. Jordan, 485 F.3d at 1218. As the advisory committee noted, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Fed. R. Evid. 403 advisory committee's note. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative." Fed. R. Evid. 403. A district court has "broad discretion to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice." United States v. Reddeck, 22 F.3d 1504, 1508 (10th Cir. 1994);

---

[1] The United States Court of Appeals for the Tenth Circuit has held that the Federal Rules of Evidence apply in a federal diversity suit, notwithstanding the decision of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), because they constitute an act of Congress. See Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 878 (10th Cir. 2006).

United States v. Poole, 929 F.2d 1476, 1482 (10th Cir. 1991).

## LAW REGARDING CHARACTER EVIDENCE AND HABIT/ROUTINE BUSINESS PRACTICE

Under rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. See Fed. R. Evid. 404(b). In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too. The rule, however, has a number of "exceptions" -- purposes for which such evidence will be admissible. Those purposes include proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b). The Supreme Court of the United States has enunciated a four-part process to determine whether evidence is admissible under rule 404(b). See Huddleston v. United States, 485 U.S. 681, 691-92 (1988). The Tenth Circuit has consistently applied that test.

> To determine whether Rule 404(b) evidence was properly admitted we look to [a] four-part test . . . : (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000)(citing United States v. Roberts, 185 F.3d 1125 (10th Cir. 1999)). See United States v. Higgins, 282 F.3d 1261, 1274 (10th Cir. 2002).

When prior bad act evidence is both relevant and admissible for a proper purpose, "the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the bad act." United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999)(alterations omitted). The Tenth Circuit has also

stated that district courts must "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom." United States v. Youts, 229 F.3d 1312, 1317 (10th Cir. 2000)(citing United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985)). "[A] broad statement merely invoking or restating Rule 404(b) will not suffice." United States v. Youts, 229 F.3d at 1317.

By contrast, under rule 406, a party may present evidence of a person's "habit" or an organization's "routine practice" for the purpose of proving that the person or organization acted in conformity with that habit or routine practice, respectively. See Fed. R. Evid. 406. In other words, evidence of past wrongs or acts is inadmissible to establish a trait of character and "show action in conformity therewith," Fed. R. Evid. 404(b), but that same evidence is admissible if it tends to establish a "habit" or "routine practice" and is used "to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice," Fed. R. Evid. 406. This distinction is not, however, merely terminological. Habit "describes one's regular response to a repeated specific situation." E. Cleary, McCormick on Evidence § 162, at 340. Examples of habits include "going down a particular stairway two stairs at a time, or . . . giving the hand-signal for a left turn, or . . . alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic." Id. (emphasis added). See Perrin v. Anderson, 784 F.2d 1040, 1046 (10th Cir. 1986)(defining habit as "a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances.") (citing Frase v. Henry, 444 F.2d 1228, 1232 (10th Cir. 1971)).

A routine practice is the rough analog of a "habit" in the context of an organization. "[A] 'routine practice' must be 'reasonably regular and uniform.'" United States v. Oldbear, 568 F.3d 814, 822 (10th Cir. 2009)(quoting, in parenthetical, K. Broun, 1 McCormick on Evidence § 195 (6th

ed)). It includes things like "proof of customary and usual computer procedures [and] routine procedures for screening applicants for tenure, processing applications, and reviewing candidates for tenure." 2-406 Weinstein's Federal Evidence § 406.03[1]. On the other hand, "illegal acts such as embezzlement cannot properly be characterized as semi-automatic or reflexive." United States v. Oldbear, 568 F.3d at 822. For instance, in Federal Kemper Life Assurance Co. v. Ellis, 28 F.3d 1033 (10th Cir. 1994), the United States Court of Appeals for the Tenth Circuit described the evidence used to establish a "routine practice" of timely mailing out notices:

> Kemper provided materials establishing a standard operating procedure regarding the sending of premium due notices. Kemper provided evidence that notices and accompanying envelopes are generated one month prior to the due date of the premium; and that the notices are hand carried to the mail room, inserted into envelopes, and deposited in the mail within forty-eight hours.

28 F.3d at 1040. In Morris v. Travelers Indemnity Company of America, 518 F.3d 755 (10th Cir. 2008), the Tenth Circuit found that "[a]n affidavit from an [insurance] agent that it was his usual practice to explain the various APIP coverage options constitutes relevant evidence that his conduct on the occasion he met with the insured was in conformity with that routine practice." 518 F.3d at 761 (citing Fed. R. Evid. 406). There is, therefore, a significant difference between evidence of a "routine practice," admissible under rule 406, and evidence of character, inadmissible under rule 404(b).

## ANALYSIS

The Defendants seek to "exclude all mention, testimony and documentary evidence about or related to" six specific topics. The bulk of the Defendants' arguments are aimed at rules 402 and 403 of the Federal Rules of Evidence, asserting that the challenged evidence is not relevant to the issues in the case. In Guidance's response, it groups these items into four categories, and the Court will address them as such. The Court will partially grant, but largely deny the Defendants' motion.

## I.   THE COURT WILL PARTIALLY GRANT THE MOTION WITH RESPECT TO EVIDENCE REGARDING PRIOR LAWSUITS AND THE WONG PATENT.

In Guidance's response to the Defendants' motion, it clumps together three groups of evidence that the Defendants seek to exclude into a general category of "evidence of corporate conduct that speaks to Defendants' consciousness of wrongdoing and plan to drive guidance out of business." Plaintiff's Response to Dentsply/TDP's Motion in Limine to Exclude Certain Testimony and Documentary Evidence [Doc. 224] at 3, filed August 17, 2009 (Doc. 250)("Response"). Those three groups are: (i) evidence of prior lawsuits between the Defendants and its competitors; (ii) the Third Circuit's opinion in U.S. v. Dentsply; and (iii) evidence regarding the Wong Patent.

### A.   THE COURT WILL GRANT THE MOTION WITH RESPECT TO THE U.S. v. DENTSPLY OPINION AND DENY IT WITH RESPECT TO EVIDENCE OF THE TYCOM LITIGATION.

U.S. v. Dentsply was an antitrust action in which the United States brought actions against Dentsply seeking injunctive relief under the Clayton Act and the Sherman Act. See 399 F.3d at 184. The district court denied the United States' request and rendered judgment for Dentsply. See id. The Third Circuit reversed, ordering the district court to enter the injunctive relief that the United States requested. See id. at 197. The Defendants now ask the Court to exclude any mention, testimony, or documentary evidence of that case from the trial of this case. See Motion at 1-2. They argue that the suit is not relevant to this case because it dealt with different subject matter -- artificial teeth rather than endodontic files and obturators -- and is therefore not relevant. See id. They also cite to rule 403, implying that they believe that one of the numerous factors set forth in the rule would substantially outweigh the probative value of this evidence.

Guidance alleges in its Complaint, at paragraph 36, that Dentsply was involved in litigation with a company called Tycom in 1996 and settled with Tycom by licensing patents to Tycom. The

Defendants also seek, on the same grounds of rules 402 and 403, to exclude any "mention, testimony or documentary evidence" about the 1996 lawsuit and settlement between Dentsply and Tycom. See Motion at 2. They point out that the Court orally ruled that the Defendants' duty to produce information about prior litigation was limited to those suits and settlements occurring after the year 2000; the Tycom suit occurred before that time. See id.

In response, Guidance appears to argue that the Third Circuit's opinion and prior litigation with Tycom is relevant to establish that the Defendants engaged in a scheme of anti-competitive conduct because the situation underlying U.S. v. Dentsply and the Tycom dispute are so similar to that in this case. See Response at 3-7. In its argument, Guidance appears most interested in bringing in the Third Circuit's colorful description of the Defendants' wrongful anti-competitive activities. See id. Guidance also, however, argues that these lawsuits are relevant to establish "the Defendants' motivations, conscious and planned wrongdoing, and wilfulness." Response at 7. They contend that such evidence is "germane to Guidance's claims for violations of the Unfair Practices Act (including 'willfulness'), breach of the covenant of bad faith and fair dealing, breach of contract, treble damages, and punitive damages." Response at 7. In the hearing on this motion, Donald DeCandia, on behalf of Guidance, explained that he believes this evidence -- U.S. v. Dentsply, the Tycom litigation, and the Wong patent -- all establish that anti-competitive conduct is the Defendants' "routine practice," admissible under rule 406. Transcript of Hearing at 65:16-66:12 (taken September 2, 2009)("Tr.")(DeCandia).[2] Finally, Guidance asserts that the Court's discovery ruling, mentioned by the Defendants as a basis for excluding evidence of the 1996 Tycom settlement, did not restrict the Defendants' duty to produce in the way the Defendants describe. See

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Response at 5 n.1.

### 1. **Evidence of the Existence of Prior Similar Disputes is Likely Relevant to Establish the Defendants' State of Mind, and the Court Will Not Exclude it Pre-Trial.**

As an initial matter, this prior litigation and apparent efforts to drive companies out of business has some tendency to prove that the Defendants are engaging in similar anti-competitive conduct this time. Where the proffering party can identify some non-propensity purpose for admitting such evidence, however, the 404(b) barrier can be avoided. United States v. Youts, 229 F.3d at 1317 (citing United States v. Kendall, 766 F.2d at 1436). In this case, Guidance has alleged that the Defendants violated the New Mexico UPA willfully, thus they must prove the Defendants' willfulness. See NMSA 1978, § 57-12-10B (allowing an award of "up to three times actual damages" if "the trier of fact finds that the party charged with an unfair or deceptive trade practice . . . has willfully engaged in the trade practice."). This evidence of a prior, similar course of conduct in which the Defendants allegedly sued someone for patent infringement only to settle with them by entering into a Supply Agreement similar to the one in this case is evidence going to the Defendants' collective state of mind. A prior course of similar conduct, if believed by the jury, makes it more likely that the Defendants' acts in this case were willful and not merely coincidental or reactionary. It therefore meets the first two requirements -- that the evidence be offered for a proper, non-propensity purpose and that the evidence be relevant under rules 401 and 402. See United States v. Higgins, 282 F.3d at 1274; Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978)("The determination of whether the evidence is relevant is a matter within the sound discretion of the trial court.").

>    **2.    The Court Will Not Exclude Evidence of the Tycom Litigation Under Rule 403 or Rule 404.**

The next question is whether the policy concerns described in rule 403 substantially outweigh the probative value of the evidence. See United States v. Higgins, 282 F.3d at 1274; Fed. R. Evid. 403. In their reply, the Defendants clarify that they seek to exclude this evidence based on its prejudicial effect and potential confusion of issues. See Dentsply/TDP's Reply to Plaintiff's Response to Dentsply/TDP's Motion in Limine to Exclude Certain Testimony and Documentary Evidence [Docs 224 and 250] at 2, filed August 19, 2009 (Doc. 259)("Reply").

The Court will not exclude mention of the Tycom dispute pre-trial based on rule 403. To exclude evidence under rule 403, the Court must find that the potential unfair prejudice or confusion that the evidence may cause will substantially outweigh the evidence's probative value. See Fed. R. Evid. 403. The Defendants' mental state -- willfulness -- is relevant to Guidance's claims against them. The prejudice or confusion about which the Defendants are concerned is that the jury will believe that they regularly sue other companies and use that lawsuit to leverage them into supply agreements like the one that the Defendants entered with Guidance, causing the jury to dislike them. While that is a valid concern, it is not one against which the Rules of Evidence will protect the Defendants in this case. The Court finds that, while there is some danger of unfair prejudice, that danger does not substantially outweigh the probative value of the evidence of prior litigation to prove the Defendants' state of mind.

The Court has some concern that Guidance is intending to present the challenged evidence for the forbidden inference of the Defendants' propensity -- that they engaged in a certain wrongful conduct in the past and therefore are likely engaging in that conduct this time. Apparently anticipating this problem, Guidance's response cites a number of ways in which this evidence is still

admissible.  See Response at 7-8 (citing authority regarding rule 406 habit evidence, and the 404(b) "exceptions" for state of mind, plan, intent, modus operandi, and willfulness).  Because Guidance has cited only a handful of prior instances of the Defendants suing companies and then settling with them by entering into a supply agreement, the Court finds that such conduct is not "reasonably regular and uniform," and thus is not a routine practice under rule 406.  United States v. Oldbear, 568 F.3d at 822.  Nevertheless, because the Court finds that Guidance can proffer evidence of this prior conduct for the permissible purpose of establishing the Defendants' state of mind, it will not exclude the evidence under rule 404(b).

### 3. The Court Will Grant the Motion in Limine to Exclude the Judicial Opinion of U.S. v. Dentsply.

The Court will exclude evidence of the Third Circuit's opinion in U.S. v. Dentsply.  While the Court agrees that the existence of this suit is relevant to the state of mind of the Defendants, there are other reasons to exclude the written judicial opinion.  First, the opinion contains passages that colorfully characterize the Third Circuit's opinion of Dentsply's motives and conduct in that particular case.  See Response at 4 (quoting the Third Circuit, referring to some testimony as a "clear expression of a plan to maintain monopolistic power.").  In this trial, the jury will be charged with determining the Defendants' wilfulness as to the transactions giving rise to this case.  The Court finds that admitting the prior expressed opinion of a well-respected judicial body as to the Defendants' intentions in a prior lawsuit presents an unnecessarily high risk that the jury will decide the Defendants' state of mind based on the prior decision of the Third Circuit in a separate and tangentially related matter, rather than on their own view of the evidence admitted in this case.  See Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993)("[J]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by

the jury, thus creating a serious danger of unfair prejudice.")(internal quotes omitted); Fed. R. Evid. 403. For that reason, the Court will exclude the Third Circuit's opinion in U.S. v. Dentsply from evidence in this case.[3]

### B. THE COURT WILL DENY THE MOTION WITH RESPECT TO THE WONG PATENT.

The third topic about which the Defendants seek an order in limine is the Wong patent. See Motion at 2. The Defendants base this motion on three potential grounds: (i) principles of res judicata and/or collateral estoppel, based on the settlement of the case in which the Wong Patent was in dispute; (ii) relevance under rule 402; and (iii) prejudicial effect under rule 403. See Motion at 2-3. Guidance does not directly address the Wong patent in its response brief, but rather lumps it into its discussion of other prior patent litigation conduct. See Response at 3, 4-5, 5-6. The argument appears to be that evidence of the dispute regarding the Wong patent, like the evidence

---

[3] The Court is also concerned that the judicial opinion itself might be hearsay, and will very likely contain hearsay statements even if the opinion itself were to fall within the hearsay exception of rule 803(8). See Int'l Land Acquisitions, Inc. v. Fausto, 39 Fed. Appx. 751, 756-57 (3d Cir. 2002)(holding a state-court judicial opinion is hearsay and does not fall within rule 803(8)'s public-records exception); United States v. Jones, 29 F.3d 1549, 1554 (11th Cir. 1994)(holding judicial findings of fact are hearsay and do not fall within rule 803(8)(C)'s public records exception); Nipper v. Snipes, 7 F.3d at 417 (same). The Court has previously allowed a bankruptcy judge's verbal statements, made during a hearing, to be admitted under rule 807's residual hearsay exception, and the Court commented that it was likely to find the same statements in a judge's written opinion to likewise meet the requirements of the residual hearsay exception in that case. See Mountain Highlands, LLC v. Hendricks, No. CIV 08-0239 JB/ACT, 2009 WL 2426197, at **14-16 & n.8 (D.N.M. July 14, 2009). In this case, however, Guidance appears to want to bring in the entire opinion into evidence, which is likely to contain statements that are hearsay within hearsay. Furthermore, the residual exception, under which the Court admitted the bankruptcy judge's statements in Mountain Highlands, LLC v. Hendricks, is very case-specific, requiring the hearsay statements to be the "more probative than any other evidence which the proponent can procure," among other things. See United States v. Harrison, 296 F.3d 994, 1003-04 (10th Cir. 2002); Fed. R. Evid. 807. Evidence regarding the Tycom litigation appears to advance the point equally well without raising hearsay and rule 403 concerns. The Court thus believes that it could exclude the Third Circuit's opinion on hearsay grounds even if it were otherwise admissible under rule 403.

of prior patent litigation, goes to show the Defendants' wilfulness, and a common plan or scheme of suing competitors over alleged patent violations and then settling with those competitors by forcing them into a supply agreement.  See id. at 3-9.  The Court agrees that the evidence might be relevant on that basis, clearing the relevance hurdles of rule 401 and 402.

        **1.**        **Principles of Res Judicata and Collateral Estoppel Do Not Demand Exclusion of Evidence Regarding the Wong Patent.**

The settlement of the patent litigation, Dentsply International, Inc. v. Guidance Endodontics, LLC, No. CIV 08-0155 (M.D. Pa.), and the Consent Judgment entered in that case, arguably resolved all matters related to the Wong patent.  See Settlement Agreement and Release at 1-2, filed November 21, 2008 (Doc. 2-2, pp. 18-19); Dentsply Int'l, Inc. v. Guidance Endodontics, LLC, Consent Judgment and Order at 1-3, filed November 21, 2008, (Doc. 2-2, pp. 20-22).  In Section 4 of the settlement, Guidance releases all claims, which would include all claims related to the Wong patent.  In paragraph 6 of the judgment, Guidance agrees that the judgment is a "final adjudication" of all claims that were or could have been brought against Dentsply in the patent litigation.  Nevertheless, the Court does not find that res judicata or collateral estoppel warrant excluding evidence used to prove a fact that was not at issue in the prior proceeding.

The Court is unconvinced by the Defendants' preclusion arguments.  First, res judicata is a doctrine of preclusion that governs what claims a plaintiff can and cannot bring against a defendant, based on a prior final judgment on the merits.  See Roybal v. City of Albuquerque, No. CIV 08-0181 JB/LFG, 2009 WL 1300048, at *5 (D.N.M. Feb. 2, 2009)(Browning, J.)("The doctrine of res judicata, or claim preclusion, 'bars a second suit involving the same parties or their privies based on the same cause of action.'")(quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979)).  It thus has no place in dictating what one party may present as evidence to establish a claim

that is not barred.

Collateral estoppel, or issue preclusion, bars reconsideration of an issue previously decided in a prior action where:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

B-S Steel of Kansas, Inc. v. Texas Indus., Inc., 439 F.3d 653, 662 (10th Cir. 2006). The Defendants fail to specify precisely which issues they believe the prior settlement precluded with respect to the Wong patent; they assert only that the prior settlement "resolved all matters pertinent to the Wong patent." Motion at 2. The Court does not see how the settlement necessarily resolved the issue for which Guidance alleges that it wishes to present this evidence -- the Defendants' motive or intent when engaging in the litigation, and the resulting settlement agreement. See Response at 3-9. That issue is nowhere addressed in the Consent Judgment or the resulting Supply Agreement, and was not necessary to resolution of the prior case. "[T]he issue previously decided" is thus not "identical with the one presented in the action in question." B-S Steel of Kansas, Inc. v. Texas Indus., Inc., 439 F.3d at 662. The Court will therefore deny the motion in limine to exclude evidence of the Wong patent based on principles of res judicata or collateral estoppel.

### 2. **Evidence Regarding the Wong Patent Is Not So Clearly Prejudicial that It Warrants Exclusion Pre-Trial.**

Relevant evidence may still be excluded if the danger of unfair prejudice or confusion of the issues substantially outweighs its probative value. See Fed. R. Evid. 403. For the same reasons that the prior-litigation-conduct evidence was relevant, however, evidence of the dispute over the Wong patent is relevant to establish a scheme of suing businesses and settling by entering into supply

agreements, which, in turn, is relevant to establishing that the Defendants acted wilfully. Furthermore, the Wong Patent is, in many ways, the source of the dispute between the parties, without which one cannot tell the full story of this case. The potential prejudice that may result does not substantially outweigh that probative value, and so the Court will deny the Defendants' motion in limine based on rule 403 with respect to the Wong patent.

## II.    THE COURT HAS ALREADY RULED ON THE DEFENDANTS' "PUBLIC DOMAIN" ARGUMENT, AND STANDS BY ITS DECISION.

The fourth issue the Defendants wish to remove from the case is the argument, which Guidance made during the hearing on the temporary restraining order ("TRO") in this case, that the confidentiality clause of the Supply Agreement is no longer binding because the Defendants put the agreement in the "public domain." Motion at 3. Guidance responds that the Defendants cannot use a motion in limine to block evidence that Guidance might present to defend against the Defendants' counter-claim, which alleges that Guidance and Counter Defendant Dr. Charles Goodis, Guidance's founder and owner, breached that confidentiality provision. See Response at 9; Defendants' Answer to Verified Complaint and Demand for Jury Trial ¶¶ 30-33, at 9-10, filed December 31, 2008 (Doc. 41). The Court will deny the motion with respect to Guidance's "public domain" argument.

The Court addressed an issue very similar to this one in its opinion granting in part and denying in part Guidance's request for a TRO. See Memorandum Opinion and Order at 42-50, filed December 15, 2008 (Doc. 30). The Defendants had argued that the doctrine of unclean hands barred Guidance's request for a TRO because Guidance breached the Supply Agreement's confidentiality provision by telling its customers that the Defendants manufactured its products. The Court found that "[t]he scope of the [confidentiality] clause may be ambiguous." Memorandum Opinion and Order at 49. The Court has not yet been asked to interpret the meaning of the confidentiality clause.

If the Court determines that the public-domain exception, under which disclosure of information that is in the "public domain" does not breach the confidentiality clause, encompasses the fact that Dentsply and/or TDP manufacture Guidance's products, Guidance's argument that it did not breach the confidentiality clause by disclosing that information will be relevant to the issue of breach. In other words, if the Court eventually holds that facts included in or implied by public filings in other proceedings are facts within the "public domain," Guidance's argument that it did not breach the confidentiality clause by disclosing that the Defendants' manufactured its products might be valid. The Court will not bar Guidance from making its argument about the meaning of the confidentiality clauses based solely on the Defendants' argument that it is irrelevant or prejudicial. The Court will therefore deny the Defendants' motion as to arguments regarding whether the Defendants put the terms of the Supply Agreement into the public domain.

### III. THE COURT WILL DENY THE MOTION WITH RESPECT McDONALD'S PRIOR RETENTION BY THE DEFENDANTS' COUNSEL.

The fifth evidentiary issue that the Defendants wish to exclude in limine is that Thomas Gulley, the Defendants' counsel, has previously retained, in a different case, McDonald, whom Guidance has now retained as its expert on damages. The Defendants wish to exclude any mention, evidence, or testimony that the Defendants' counsel has previously engaged the expert whom will be testifying for Guidance in this case. At the hearing, the parties agreed that, so long as the Defendants did not seek to illicit testimony about the Defendants' counsel's prior retention of McDonald, Guidance would likewise avoid questions on that topic. See Tr. at 23:4-24:21 (Court, DeCandia, Gulley). The Court will therefore deny the motion as moot, subject to the parties' agreement, with respect to the Mr. Gulley's prior retention of McDonald.

## IV. THE COURT WILL DENY THE MOTION WITH RESPECT TO EVIDENCE REGARDING TULSA DENTAL'S FINANCIALS AND CUSTOMERS.

During discovery in this case, the Defendants produced to Guidance TDP income statements, Pro Taper sales data, and customer-sales data. The Defendants contend that none of these documents has any relevance to the issues and ask the Court to exclude them under rule 402 or 403. Guidance insists that the evidence "is highly relevant to Plaintiff's damages theories," and implies that it is also relevant to establish motive and intent. Response at 11. At the hearing, Mr. DeCandia clarified that the evidence would be relevant to "market share, who the customers were, how they sold the products, prices, and it helps us project future damages based on how we would be under-selling them -- continu[ing] to take their market share." Tr. at 28:11-14 (DeCandia). He further explained that the evidence would be used to supplement and support the lay-opinion testimony of Goodis as to Guidance's plan to increase market share and Goodis' estimate of lost future income damages. See id. at 28:21-29:10 (Court, DeCandia). The Court agrees that the evidence of TDP's financials and customers might be relevant to Guidance's case, and therefore the Court will not exclude the evidence pre-trial.

**IT IS ORDERED** that Dentsply/TDP's Motion in Limine to Exclude Certain Testimony and Documentary Evidence is granted in part and denied in part. The Court grants the motion as to the United States Court of Appeals for the Third Circuit's opinion in U.S. v. Dentsply. The motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff and Counterdefendants*

Howard M. Radzely
W. Brad Nes
Morgan Lewis & Bockius LLP
Washington, DC

-- and --

R. Ted Cruz
Morgan Lewis & Bockius LLP
Houston, Texas

-- and --

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Lewis and Roca LLP
Albuquerque, New Mexico

      *Attorneys for the Defendants and Counterplaintiffs*