# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

vs.                                          No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

      Defendants,

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

      Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

      Counter Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

      **THIS MATTER** comes before the Court on the Plaintiffs' Motion for an Award of

Attorneys' Fees and Expenses, filed April 30, 2010 (Doc 551)("Motion").[1] The Court held a hearing

---

[1] The Motion labels Plaintiff Guidance Endodontics, LLC ("Guidance Endodontics") and Counter Defendant Charles J. Goodis ("Goodis")(collectively "Plaintiffs") as bringing this Motion. The Court is unsure, however of any basis for Goodis to recover fees. Accordingly, the Court will refer to Guidance Endodontics as the movant in this opinion.

on September 1 and 2, 2010.  The primary issue is whether, for the purposes of determining attorney's fees, the Court should credit all of the work Plaintiff Guidance Endodontics, LLC performed in prosecuting its breach-of-contract claims towards the claims under the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 through 57-12-26 ("NMUPA").  The Court concludes that the breach-of-contract claims, while overlapping, are distinct from the NMUPA claim, and orders that Guidance Endodontics segregate and allocate its work on the NMUPA claim.

## FACTUAL BACKGROUND

This case concerns a lawsuit that Guidance Endodontics, a small endodontic-equipment company, brought against the Defendants, who are both Guidance Endodontics's rivals and its suppliers.  More background on the lawsuit generally is set forth in the Court's earlier opinions. See, e.g., Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. CIV 08-1101 JB/RLP, 2008 WL 6013069, at *1-5 (D.N.M. Dec. 15, 2008)(Browning, J.); Memorandum Opinion and Order, filed March 30, 2011 (Doc. 629).

## PROCEDURAL BACKGROUND

On November 21, 2008, Guidance Endodontics filed a Verified Complaint and Demand for Jury Trial.  In the Complaint, Guidance Endodontics made seven claims for relief: (i) breach of contract based on the Defendants' refusal to supply obturators, see Complaint ¶¶ 158-68, at 30-31; (ii) breach of contract based on the Defendants' refusal to supply endodontic files, see Complaint ¶¶ 169-79, at 31-32; (iii) breach of the implied covenant of good faith and fair dealing, see Complaint ¶¶ 180-87, at 32-33; (iv) violation of the Delaware Deceptive Trade Practices Act, see Complaint ¶¶ 188-97, at 33-34; (v) violation of the NMUPA, see Complaint ¶¶ 198-207, at 34-35; (vi) violation of § 43(a)(1)(B) of the Lanham Act, see Complaint ¶¶ 208-16, at 35-36; and (vii)

tortious interference with existing and prospective contractual relations, see Complaint ¶¶ 217-26, at 36-37.  On the way to trial, the Court dismissed several of these claims.

The Court presided over a three-week jury trial of this case from Monday, September 21, 2009 through Thursday, October 8, 2009.  See Clerk's Minutes at 1, filed September 21, 2009 (Doc. 439).  After deliberations in this case, the jury awarded $4.08 million in compensatory damages, $200,000.00 in nominal damages, and $40 million in punitive damages in favor of Guidance Endodontics and against the Defendants.  See Redacted Jury Verdict, filed October 9, 2009 (Doc. 441).  The jury also awarded $93,000.00 in compensatory damages in favor of the Defendants and against Guidance Endodontics for false advertising.  See Redacted Jury Verdict at 8.  Based on the jury's verdict, the Court entered a net judgment in Guidance Endodontics's favor in the amount of $44,216,232.88, together with post-Judgment interest thereon.  See Amended Final Judgment, filed April 22, 2010 (Doc. 545).  The jury found that Defendants willfully violated the NMUPA.

Guidance Endodontics moves the Court to award $3,504,078.64 in attorneys' fees and expenses for their work through March 31, 2010.  See Motion at 1.  Guidance Endodontics contends that its claims involved "a common core of facts and related theories," and that the Court should award it attorneys' fees and expenses for all of its efforts, because its other claims are inextricably intertwined with its NMUPA claim.  See Motion at 10.  Guidance Endodontics intends to pursue further awards of fees and expenses incurred after March 31, 2010.

On June 16, 2010, Defendants Dentsply International, Inc., and Tulsa Dental Products, LLC, filed their Opposition to Guidance Endodontics's Motion for an Award of Attorney's Fees and Expenses and Motion to Tax Costs.  See Doc. 593 ("Response").  The Defendants contend that a party seeking attorney's fees under the NMUPA must segregate the reasonable fees and expenses

incurred in successfully prosecuting an NMUPA claim from its non-NMUPA fees and expenses.

They contend that, because Guidance Endodontics did not segregate, the Court should either: (i)

deny the Motion outright; (ii) decline to hear the Motion until Guidance Endodontics makes a

good-faith attempt to segregate on a line-by-line basis and give the Defendants an opportunity to

respond to any such segregation; or, (iii) in the alternative, analyze the fees, and award only those

limited fees and expenses that are specifically related to the NMUPA claim.  The Defendants also

contest specific items for which Guidance Endodontics seeks attorneys' fees and expenses, such as

time spent working on press releases, travel time, and work on a "heated eyewear" product that was

not the subject of this litigation.  Response at 2.  The Defendants also contest the rates for Guidance

Endodontics's counsel.

       On July 30, 2010, Guidance Endodontics filed its Reply Brief in Support of its Motion for

an Award of Attorney's Fees and Expenses (Doc. 551).  See Doc. 611 ("Reply").  It argues that

"[s]egregation of fees would be of little use, since 95% of the attorney's fees incurred by Guidance

Endodontics were in pursuit of its UPA and contract claims."  Reply at 3.  On September 1, 2010,

the Defendants filed a Surreply in Opposition to Guidance's Motion for an Award of Atty's Fees

and Expenses.  See Doc. 624 ("Surreply").  The Defendants note that Guidance Endodontics

apparently concedes that it must segregate claims other than the breach-of-contract claim from their

NMUPA claims.  The Defendants further assert that Guidance Endodontics' breach-of-contract

claim and NMUPA claims are distinct, and each require different proof.

       At the hearing, the Court questioned whether it would make sense to determine the collateral

issue of attorneys' fees and expenses after the parties complete their appeal of this case to the United

States Court of Appeals for the Tenth Circuit.  See Transcript of Hearing at 238:16-21 (executed

September 2, 2010)(Court)("Tr.").  The parties agreed that the attorneys' fees and expenses are a collateral issue that need not be decided until after the appeal is complete, see Tr. at 239:3-10 (Kelly), and that the Court could decide whether it should award Guidance Endodontics attorneys' fees and expenses for all of its work on its breach-of-contract claim under the NMUPA, and set the other issues aside until after the parties complete their appeal, see Tr. at 260:8-24, 348:1-18 (Court, Kiehne); id. at 267:5-16 (Court, Kelly); id. at 287:8-288:4 (Court, Radzely).

The parties agreed that, under Economy Rentals, Inc. v. Garcia, 112 N.M. 748, 819 P.2d 1306 (1991), if the Court cannot segregate Guidance Endodontics' work on the NMUPA claim from its other work, "the court must make a reasoned estimate, based either on evidence or on its familiarity with the case at trial" of the share of work that was allocated to the NMUPA claim.  112 N.M. at 765, 819 P.2d at 1323.  See Tr. at 271:4-7 (Kiehne); id. at 288:23-289:15 (Court, Radzely). Guidance Endodontics conceded "that the breach-of-contract claim is the main event in this case." Tr. at 256:14-15 (Kiehne).  Guidance Endodontics, while maintaining that the breach-of-contract claim was part of the NMUPA claim, "accept[ed] the proposition that segregation is required."  Tr. at 267:18-19 (Kiehne).  Guidance Endodontics further acknowledged that, if the Court decides that all of the breach-of-contract claim work is not part of the NMUPA claim, then their current segregation is inadequate, and requested that the Court direct Guidance Endodontics how to proceed. Tr. 348:19-349:4 (Kiehne).

## ANALYSIS

The Court has carefully reviewed the parties' arguments.  Under New Mexico law, Guidance Endodontics may seek attorneys' fees and expenses only for the work they preformed solely in advancing their NMUPA claim.  Moreover, the Court concludes that, while there is some overlap,

its work on the breach-of-contract claim is not part and parcel of their work on the NMUPA claim;

some work was distinct, and most work was on the breach-of-contract claim. The Court therefore

orders Guidance Endodontics to segregate its non-NMUPA work and, where work was fairly

devoted to both their breach-of-contract claim and the NMUPA claim, to allocate twenty percent

of their work towards attorneys' fees and expenses under the NMUPA.

I.   **THE COURT WILL DECIDE THE COLLATERAL MATTER OF THE ATTORNEYS' FEES AND EXPENSES AFTER THE PARTIES COMPLETE THEIR APPEAL.**

Attorneys' fees and expenses are a collateral matter the Court may consider after the parties

compete their appeal.

> [T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for "collateral matters not involved in the appeal." Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998) (internal quotation marks omitted). But an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court. Id. Accordingly, the Supreme Court has laid down "a uniform rule that *an unresolved issue of attorney's fees for the litigation in question*" doesn't prevent a district court judgment from being final and appealable; rather, the district court retains jurisdiction over the fee issue while the court of appeals has jurisdiction over the appeal. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202 . . . (1988) (emphasis added). This is so regardless whether the fees are considered "'merits' or 'nonmerits,'" and regardless whether the claimant "specifically requested attorney's fees as part of the prayer in his complaint" or sought them by motion later -- all the better to provide a clear, workable rule for litigants in federal court. Id. at 201-02 . . . .

McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010). At the hearing, both parties agreed that

the Court could decide whether it should award Guidance Endodontics attorneys' fees and expenses

for all of its work on its breach-of-contract claim under the NMUPA, and set the other issues aside

until after the parties complete their appeal. See Tr. at 260:8-24, 348:1-18 (Court, Kiehne); id. at

267:5-16 (Court, Kelly); id. at 287:8-288:4 (Court, Radzely). The Court is wary of engaging in

-6-

potentially needless or duplicative work.  Cf. Chavarria v. Fleetwood Retail Corp., 140 N.M. 478, 491, 143 P.3d 717, 730 (2006)(requiring the court on remand to reduce fees to account for the unsuccessful NMUPA claims not sustained on appeal).  The Court will therefore decide only whether Guidance Endodontics must segregate its attorneys' fees and expenses, and determine Guidance Endodontics' attorneys' fees and expenses after the parties complete their appeal.

## II.  THE COURT ORDERS GUIDANCE ENDODONTICS TO SEGREGATE AND ALLOCATE ITS NMUPA CLAIM ATTORNEYS' FEES AND EXPENSES.

Guidance Endodontics, who the Defendants do not dispute is a prevailing party under the NMUPA, see Response at 1, is entitled to attorneys' fees and expenses for the NMUPA claim under N.M.S.A. 1978, § 57-12-10C ("The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails.").  The parties requested that the Court decide whether Guidance Endodontics' attorneys' fees and expenses expended on the breach-of-contract claim must be segregated from the NMUPA claim.  Guidance Endodontics contends that, because it must establish a breach-of-contract claim to establish a NMUPA claim, the Court should award the attorneys' fees and expenses for all of its efforts in establishing the former under the NMUPA.  The Defendants respond that the breach-of-contract claim in this case is separate and larger than the NMUPA claim.  The Court agrees that segregation and allocation is required.

At the hearing, Guidance Endodontics conceded "that the breach-of-contract claim is the main event in this case." Tr. at 256:14-15 (Kiehne).  Guidance Endodontics, while maintaining that the breach-of-contract claim was part of the NMUPA claim, "accept[ed] the proposition that segregation is required." Tr. 267:18-19 (Kiehne).  Guidance Endodontics represented that if the

Court decides that all of breach-of-contract claim work is not part of the NMUPA claim, then its current segregation is inadequate, and the Court should direct the Plaintiffs how to proceed. <u>See</u> Tr. 348:19-349:4 (Kiehne).  Because the Court so decides, it will direct the Plaintiffs how to proceed.

"Absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages." <u>Hiatt v. Keil</u>, 106 N.M. 3, 4, 738 P.2d 121, 122 (1987).  The party seeking an award of attorney's fees bears the burden of establishing entitlement to an award of fees. <u>See, e.g.</u>, <u>Jaramillo v. Gonzales</u>, 132 N.M. 459, 468-99, 50 P.3d 554, 563-64 (Ct. App. 2002)(stating an award of fees must be based upon the plaintiffs' proof); <u>Case v. Unified Sch. Dist. No. 233</u>, 157 F.3d 1243, 1253 (10th Cir. 1998)(stating that the counsel for the party claiming fees has the burden of proving its fee entitlement); <u>Mares v. Credit Bureau of Raton</u>, 801 F.2d 1197, 1210 (10th Cir. 1986)(holding that the party seeking attorney's fees bears the burden of "prov[ing] and establish[ing] the reasonableness of each dollar, each hour, above zero").

Of the numerous claims and counterclaims at issue in this case, including the seven claims in Guidance Endodontics's Complaint, five of which the Court sent to the jury, only the Guidance Endodontics's NMUPA claim gives rise to attorney's fees.  Under New Mexico law, a NMUPA claim does not entitle Guidance Endodontics to fees for non-NMUPA claims.  Rather, as the Supreme Court of New Mexico and the Court of Appeal of New Mexico have repeatedly explained, "[s]egregation is required where attorney fees are authorized for only some of the claims." <u>Trujillo v. N. Rio Arriba Elec. Coop.</u>, 131 N.M. 607, 618, 41 P.3d 333, 344 (2001)(citations omitted)(reversing award of attorney's fees for the entire litigation where shifting of fees only available for statutory violation). <u>See, e.g.</u>, <u>J. R. Hale Contracting Co., Inc. v. Union P. R.R.</u>, 143

N.M. 574, 600, 179 P.3d 579, 605 (2007)(stating that an award of attorney fees under a statutory claim must be limited to the work done for that particular claim); Chavarria v. Fleetwood Retail Corp., 140 N.M. at 491, 143 P.3d at 730 (requiring the court on remand to reduce fees to account for the unsuccessful NMUPA claims not sustained on appeal); Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc., 115 N.M. 152, 158, 848 P.2d 1079, 1085 (1993)(holding that, although the statute "clearly authorizes attorney's fees to Hinkle if it prevails in its action on an open account, the statute does not authorize attorney's fees for defending against Cadle's counterclaims" and vacating the fee award as far as it related to the counterclaims).

In Jaramillo v. Gonzales, the plaintiffs alleged claims for breach of warranties, violations of the NMUPA, breach of contract, and commercial defamation. See 132 N.M. at 468, 50 P.3d at 563. The NMUPA claim "was the only claim for which Plaintiffs could be awarded attorney fees." Id. at 468, 50 P.3d at 563. Despite the plaintiffs' position that the entire case was based on a common theme -- the defendant's "insistence that it had no obligation to [the plaintiffs]" -- the Court of Appeals of New Mexico rejected the idea that a common theme converted all causes of action into recoverable fee categories under the NMUPA:

> Plaintiffs argue that the trial court erred in awarding them only $20,000 in attorney fees when they had requested $55,000. The trial court determined that only a portion of the fees requested were related to the UPA claim and accordingly reduced the amount claimed.
>
> . . . .
>
> Plaintiffs contend that the trial court misapprehended the basis and theory supporting the fees. In this case, attorney fees are allowed only for the UPA claim. See § 57-12-10(C). Thus, the trial court was required to review the request and determine what portion of the work done was attributable to the UPA claim. See Hinkle v. Cadle Co., 115 N.M. 152, 158, 848 P.2d 1079, 1085 (1993) (holding that the trial court should attempt to distinguish between two types of work to the extent possible). Plaintiffs contend that the entire case was based on the Bank's

recalcitrance and insistence that it had no obligation to them and, thus, the UPA underlay all the claims. We disagree.

The UPA claim was only one of a number of claims alleged in the complaint. It was based on the Bank's demand for payment despite notice of revocation and its practice of refusing to recognize claims against it pursuant to the FTC Holder Clause. In addition to this claim, Plaintiffs alleged breach of warranties, right to revoke, breach of contract, and commercial defamation. These claims were distinct from the UPA claim. While it is true that some facts are common to all the claims, it is still possible to separate the claims and the proofs required for each.

Because the UPA claim was the only claim for which Plaintiffs could be awarded attorney fees, the trial court was obligated to separate the claims and determine the amount of time spent on each. See Gonzales v. N.M. Dep't of Health, 2000-NMSC-029, ¶¶ 35-36, 129 N.M. 586, 11 P.3d 550 (holding that in a case where the attorney fees were governed by the Human Rights Act, when plaintiff is only partially successful, the trial court cannot award fees for hours spent on the entire litigation). Plaintiffs argue that there was no evidence that the UPA claims were separate or could be separated from the other claims. They argue that it was the burden of the Bank to show that the time was separable. We disagree. Once Plaintiffs made their claim for the attorney fees, it was left to the discretion of the trial court to make the award based upon Plaintiffs' proof of the reasonableness of the fees. Hinkle, 115 N.M. at 155, 848 P.2d at 1082. The Bank did not have to object to the time or show that it was separate. It was for the trial court to review the claim made by Plaintiffs and in its discretion determine what fees to award. We cannot say that the trial court abused its discretion by reducing the request for attorney fees to that amount relating solely to the UPA claim.

Plaintiffs also argue that the trial court erred in failing to make findings of fact on the attorney fees issue. We disagree. First, it does not appear that the parties requested any findings on the issue. Cockrell v. Cockrell, 117 N.M. 321, 324, 871 P.2d 977, 980 (1994) (holding that a party waives error in court's failure to make findings by his failure to request or submit findings). Second, the trial court stated its rationale for the award on the record. Thus, we are able to review the determination. We find no error in the failure to make findings on the issue and see no reason to remand to the district court for entry of such findings.

The trial court did not abuse its discretion in reducing Plaintiffs' attorney fees request and limiting it to the UPA claim.

Id. at 468-69, 50 P.3d at 563-64 (emphasis added). The Court of Appeals of New Mexico in

Jaramillo v. Gonzales thus approved of limiting attorneys' fees to the "amount relating solely to the

-10-

UPA claim," despite the plaintiffs contention that the other claims were intertwined through a common theme.  New Mexico therefore requires that fees spent on the claim for which fees are recoverable must be segregated from the fees for the other claims in a case.  See, e.g., J. R. Hale Contracting Co., Inc. v. Union P. Railroad, 143 N.M. at 600, 179 P.3d at 605.   Guidance Endodontics, therefore, cannot recover for non-NMUPA claims on a theory that all of its other claims are inextricably intertwined with their NMUPA claim.  See Motion at 10.

The New Mexico Supreme Court recently cited Jaramillo v. Gonzales approvingly when it examined an award of attorney's fees under a statutory claim:

Defendants argue that an award of attorney fees under a statutory claim must be limited to the work done on that particular claim.  See Gonzales v. N.M. Dep't of Health, 2000-NMSC-029, ¶¶ 35-36, 129 N.M. 586, 11 P.3d 550 (holding that an award of fees based on hours spent on the whole litigation may be excessive if the plaintiff obtained only partial success); Jaramillo v. Gonzales, 2002-NMCA-072, ¶¶ 38-41, 43, 132 N.M. 459, 50 P.3d 554 (holding that it was not an abuse of discretion to award only that portion of the plaintiff's total fees that were related to the specific claim that allowed recovery of attorney fees).  Thus, Defendants argue, only that portion of fees and costs attributable to Hale's Retainage Act claim are recoverable and that an award of anything more was not reasonable.

. . . .

We agree with Defendants on this issue.  The claims on which Hale prevailed were arguably its claim for retainage withheld and definitely its claim for interest penalty and attorney fees under the Retainage Act.  Hale did not prevail on its claim for additional amounts under its breach of contract and quantum meruit claims.  Hale points us to nothing in the record indicating a basis on which the district court could conclude that all of Hale's fees were attributable to the claim for retainage and Retainage Act penalty.  Hale made no attempt in the district court and makes no attempt on appeal to show the intertwining of work and claims that Defendants assert did not exist.  We recognize that the district court was closely involved in this litigation and obviously had hands-on knowledge of the facts and issues.  We further recognize that "[s]ome of the work may be inextricably intertwined, making it difficult or impossible to segregate" the work performed on different claims. Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, 115 N.M. 152, 158, 848 P.2d 1079, 1085 (1993).  However, under Gonzales and Jaramillo, we hold that the district court erred in failing to allocate Hale's fees to time spent on its claims related to

-11-

retainage.

J. R. Hale Contracting Co., Inc. v. Union P. R.R., 143 N.M. at 599-600, 179 P.3d at 604-05.  See

Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, 115 N.M. at 158, 848 P.2d at 1085

("Some of the work may be inextricably intertwined, making it difficult or impossible to segregate

some of the time worked on the complaint from work related to the counterclaims. Nevertheless, the

trial court should attempt to distinguish between the two types of work to the extent possible.").[2]

Thus, even when "some facts are common to all the claims," the trial court must still

"separate the claims and the proofs required for each" to the extent possible, Jaramillo v. Gonzales,

132 N.M. at 468-99, 50 P.3d at 563-64, and deduct all time spent on "other aspects or legal issues,"

Chavarria v. Fleetwood Retail Corp., 137 N.M. 783, 799, 115 P.3d 799, 815 (Ct. App.

2005)(affirming Court of Appeals regarding segregation analysis), rev'd on other grounds, 140 N.M.

478, 143 P.3d 717 (2007).

> [W]hen the attorney's services are rendered in pursuit of multiple objectives, some
> of which permit an award of fees and some of which do not, the court must make a
> reasoned estimate, based either on evidence or on its familiarity with the case at trial,
> of the proportion or quantum of services that are compensable and award fees only
> for those services.

Chavarria v. Fleetwood Retail Corp., 137 N.M. at 799, 115 P.3d at 815 (quoting Economy Rentals,

Inc. v. Garcia, 112 N.M. at 765, 819 P.2d at 1323)(emphasis added).

The Court will not allow Guidance Endodontics to credit all of the breach-of-contract claim

---

[2] The Tenth Circuit, in a case applying Oklahoma law, has similarly noted: "Although we are sympathetic to the difficulty of segregating attorney's fees between claims that are so closely related, we can find no support for an 'inextricably intertwined' exception to the general Oklahoma rule that attorney's fees can only be awarded where there is an independent statutory basis." Combs v. Shelter Mut. Ins. Co., 551 F.3d 991, 1001-02 (10th Cir. 2008)(citations and internal quotation marks omitted).

work toward its NMUPA claim.  Guidance Endodontics is limited under the NMUPA to an award of attorneys' fees and expenses "relating solely to the UPA claim." Jaramillo v. Gonzales, 132 N.M. at 468-99, 50 P.3d at 563-64.  Because Guidance Endodontics' breach-of-contract claim was larger and in part distinct from its NMUPA claim, the Court will require Guidance Endodontics to segregate and allocate its breach-of-contract claim from their NMUPA claim.  Guidance Endodontics may count only work on the breach-of-contract claim that was reasonably related to proving the NMUPA.  See Chavarria v. Fleetwood Retail Corp., 140 N.M. at 491, 143 P.3d at 730; Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, 115 N.M. at 158, 848 P.2d at 1085; Hiatt v. Keil, 106 N.M. 3, 4-5, 738 P.2d 121, 122-23; Jaramillo v. Gonzales, 132 N.M. at 468-99, 50 P.3d at 563-64.

Although the work Guidance Endodontics performed on its breach-of-contract claim involved overlapping facts or common elements with the NMUPA, New Mexico law requires a plaintiff to separate the different proofs necessary for each claim, and to determine the portion of time spent "on other aspects or legal issues" of those claims, Chavarria v. Fleetwood Retail Corp., 137 N.M. 783, 799, 115 P.3d 799, 815, that were not "relat[ed] solely to the UPA claim," Jaramillo v. Gonzales, 132 N.M. at 468-99, 50 P.3d at 563-64 ("Trial court was required to review the request and determine what portion of the work done was attributable to the UPA claim.").

The breach-of-contract claim was not subsumed under the NMUPA claim.  The final jury instructions illustrate the distinction between the claims.  Instruction Number 31 concerned the elements Guidance Endodontics had to prove to prevail on its NMUPA claim.  That instruction provided:

> For Guidance to prove that Dentsply and/or Tulsa Dental violated the New Mexico Unfair Practices Act, Guidance must prove each of the following elements

by a preponderance of the evidence:

First,           Dentsply and/or Tulsa Dental made an oral or written statement that
                 was false or misleading;

Second,          the false or misleading statement was knowingly made;

Third,           the false or misleading statement was made in connection with the
                 sale of goods or services and in the regular course of Dentsply's
                 and/or Tulsa Dental's trade or commerce; and

Fourth,          the false or misleading statement may, tends to, or did deceive or
                 mislead any person.

Court's Final Jury Instructions - Given at No. 31, filed October 8, 2009 (Doc. 431).  This jury

instruction is taken almost verbatim from the joint proposed instructions the parties provided this

Court:

    Elements:

    The offending party made an oral or written statement that was false or misleading;

    The false or misleading statement was knowingly made;

    The false or misleading statement was made in connection with the sale of goods or
    services and in the regular course of Dentsply's and/or Tulsa Dental's trade or
    commerce; and

    The false or misleading statement may, tends to, or did deceive or mislead any
    person.

Joint Proposed Statement of Elements at 4, filed September 14, 2009 (Doc. 322).  Absent from this

charge is any requirement that Guidance Endodontics prove a breach of contract.

Similarly, the Verdict Form did not require the jury to find that Guidance Endodontics

prevailed on its breach-of-contract claim to prevail on its NMUPA claim.  The Verdict Form, in

relevant part, stated:

**Guidance's Breach of Contract Claim**

-14-

2.      Do you find that Dentsply and/or Tulsa Dental breached the Manufacturing and Supply Agreement as to the obturators?

Yes_____        No_____

3.      Do you find that Dentsply and/or Tulsa Dental breached the Manufacturing and Supply Agreement as to the V2?

Yes_____        No_____

If your answer is "yes" to Question Nos. 2 and/or 3, please go to Question No. 4. If your answer is "no" to Question Nos. 2 and 3, please go to Question No. 5.

4.      Do you find that Guidance has suffered damages as a result of Dentsply and/or Tulsa Dental's breach or breaches of the Supply Agreement?

Yes_____        No_____

**Guidance's Claim for Breach of Implied Covenant of Good Faith and Fair Dealing**

5.      Did Dentsply and/or Tulsa Dental breach the implied covenant of good faith and fair dealing with Guidance?

Yes_____        No_____

If your answer to Question No. 5 is "yes," please go to Question No. 6. If your answer to Question No. 5 is "no," please go to Question No. 7.

6.      Do you find that Guidance has suffered damages as a result of Dentsply and/or Tulsa Dental's breach of the implied covenant of good faith and fair dealing?

Yes_____        No_____

**Guidance's Claim for Violation of the New Mexico Unfair Practices Act**

7.      Did Dentsply and/or Tulsa Dental violate the New Mexico Unfair Practices Act?

Yes_____        No_____

Court's Revised Final Verdict Form (With Citations) Nos. 2-8, at 2-3, filed October 8, 2009 (Doc.432). The jury could have answered no to Nos. 1 and 2 -- finding that the Defendants did not breach their supply agreements -- and still reached No. 8 and answered that the Defendants violated the NMUPA.

Moreover, even if there was complete overlap in the breach-of-contract claim and NMUPA claims, much of Guidance Endodontics's efforts in prosecuting its breach-of-contract claim was unnecessary to establishing their NMUPA claim. Guidance Endodontics' work towards obtaining a temporary restraining order, for example, related to its breach-of-contract claim, but did not relate to its NMUPA claim. See Memorandum Opinion and Order at 37, filed December 15, 2008 (Doc. 30)("Guidance, in its application for the TRO . . . attempts only to prove three claims: (i) the two breach of contract claims; and (ii) and the claim for breach of the covenant of good faith and fair dealing."). Similarly, the preliminary injunction was based in part on the breach-of-contract claim, and not on the NMUPA claim. Guidance Endodontics expended significant resources on Brian McDonald's expert report on damages, and Guidance Endodontics labored at trial to establish damages, although the jury could award only nominal damages. The Court's impression is that, while the NMUPA claim was important, the breach-of-contract claim predominated the parties' work on the motions in this case, on the presentations at trial, and on the jury instructions.

Thus, the Court orders that Guidance Endodontics must segregate and allocate its work on the breach-of-contract claim from its work on the NMUPA claim. At the hearing, Guidance Endodontics acknowledged that, if the Court decides that all of breach-of-contract claim work is not part of the NMUPA claim, its current segregation is inadequate, and requested that the Court direct the Plaintiffs how to proceed. See Tr. 348:19-349:4 (Kiehne). Guidance Endodontics must first

-16-

segregate out all portions of time spent "on other aspects or legal issues" of those claims, <u>Chavarria v. Fleetwood Retail Corp.</u>, 137 N.M. 783, 799, 115 P.3d 799, 815, that were not "relat[ed] solely to the UPA claim," <u>Jaramillo v. Gonzales</u>, 132 N.M. at 468-99, 50 P.3d at 563-64 ("Trial court was required to review the request and determine what portion of the work done was attributable to the UPA claim."). This segregation includes the breach-of-contract claim work that is unrelated to the NMUPA claim, such as Guidance Endodontics' work on the temporary restraining order and the preliminary injunction. Where Guidance Endodontics spent time on both its breach-of-contract claim and its NMUPA claim, Guidance Endodontics will allocate only a portion of that time towards attorneys' fees and expenses. Under New Mexico law,

> when the attorney's services are rendered in pursuit of multiple objectives, some of which permit an award of fees and some of which do not, the court must make a reasoned estimate, based either on evidence or on its familiarity with the case at trial, of the proportion or quantum of services that are compensable and award fees only for those services.

<u>Economy Rentals, Inc. v. Garcia</u>, 112 N.M. at 765, 819 P.2d at 1323. The Court's "reasoned estimate, based . . . its familiarity with the case at trial," <u>Economy Rentals, Inc. v. Garcia</u>, 112 N.M. at 765, 819 P.2d at 1323, is that approximately twenty percent of Guidance Endodontics' efforts towards their breach-of-contract claim contributed to advancing the NMUPA claim. As Guidance Endodontics acknowledged at the hearing, "the breach-of-contract claim is the main event in this case." Tr. at 256:14-15 (Kiehne). The Court's impression is that the NMUPA claim was important in this case, and it certainly played a role in the Court's determination that there was a breach of contract and there was implied covenant of good faith and punitive damages, so the Court does not minimize the importance of the NMUPA claim. Nonetheless, this case was predominantly a breach-of-contract claim from beginning to end. Consequently the Court believes that only twenty

percent of the time Guidance Endodontics spent on the both the breach-of-contract claim and the NMUPA claim should be allocated to its attorneys' fees and expenses.  The Court therefore orders Guidance Endodontics to segregate and allocate its breach-of-contract claim work from its NMUPA claim work.

**IT IS ORDERED** that the Motion for an Award of Attorneys' Fees and Expenses, filed April 30, 2010 (Doc 551) is denied without prejudice to Plaintiff Guidance Endodontics, LLC filing an amended motion, and Guidance Endodontics must segregate and allocate the work it performed on its claims under the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 through 57-12-26.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff and Counterdefendants*

-18-

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Bannerman & Johnson, PA
Albuquerque, New Mexico

-- and --

R. Ted Cruz
Morgan Lewis & Bockius, LLP
Houston, Texas

-- and --

Howard M. Radzely
W. Brad Nes
Morgan Lewis & Bockius, LLP
Washington, D.C.

*Attorneys for the Defendants and Counterplaintiffs*