IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

   Plaintiff,

vs.                    No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

   Defendants,

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

   Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

   Counter Defendants.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on the Guidance Endodontics, LLC's Motion for Review of Clerk's Order Settling Costs (Doc. 612), filed August 10, 2010 (Doc 615)("Motion"). The Court held a hearing on September 1 and 2, 2010. The primary issues are: (i) whether the Court should review the Clerk's Order Settling Costs, filed August 3, 2010 (Doc. 612)("Clerk's Order"); and (ii) whether the Court should reverse the Clerk's Order to the extent that it disallows costs sought in Guidance Endodontics, LLC's Motion to Tax Costs, filed April 30, 2010 (Doc. 550). The

Court grants the Motion.

## FACTUAL BACKGROUND

This case concerns a lawsuit that Guidance Endodontics, a small endodontic-equipment company, brought against the Defendants, who are both Guidance Endodontics's rivals and its suppliers. More background on the lawsuit generally is set forth in the Court's earlier opinions. See, e.g., Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. CIV 08-1101 JB/RLP, 2008 WL 6013069, at *1-5 (D.N.M. Dec. 15, 2008)(Browning, J.); Memorandum Opinion and Order, filed March 30, 2011 (Doc. 629). The Court will not recite the case's factual background here.

## PROCEDURAL BACKGROUND

On November 21, 2008, Guidance Endodontics filed a Verified Complaint and Demand for Jury Trial. In the Complaint, Guidance Endodontics made seven claims for relief: (i) breach of contract based on the Defendants' refusal to supply obturators, see Complaint ¶¶ 158-68, at 30-31; (ii) breach of contract based on the Defendants' refusal to supply endodontic files, see Complaint ¶¶ 169-79, at 31-32; (iii) breach of the implied covenant of good faith and fair dealing, see Complaint ¶¶ 180-87, at 32-33; (iv) violation of the Delaware Deceptive Trade Practices Act, see Complaint ¶¶ 188-97, at 33-34; (v) violation of the NMUPA, see Complaint ¶¶ 198-207, at 34-35; (vi) violation of § 43(a)(1)(B) of the Lanham Act, see Complaint ¶¶ 208-16, at 35-36; and (vii) tortious interference with existing and prospective contractual relations, see Complaint ¶¶ 217-26, at 36-37. On the way to trial, the Court dismissed several of these claims.

The Court presided over a three-week jury trial of this case from Monday, September 21, 2009 through Thursday, October 8, 2009. See Clerk's Minutes at 1, filed September 21, 2009 (Doc. 439). After deliberations in this case, the jury awarded $4.08 million in compensatory damages,

$200,000.00 in nominal damages, and $40 million in punitive damages in favor of Guidance Endodontics and against the Defendants. See Redacted Jury Verdict, filed October 9, 2009 (Doc. 441). The jury also awarded $93,000.00 in compensatory damages in favor of the Defendants and against Guidance Endodontics for false advertising. See Redacted Jury Verdict at 8. Based on the jury's verdict, the Court entered a net judgment in Guidance Endodontics' favor in the amount of $44,216,232.88, together with post-Judgment interest thereon. See Amended Final Judgment, filed April 22, 2010 (Doc. 545).

On April 30, 2010, Guidance Endodontics filed its Motion to Tax Costs. See Doc. 550. On August 3, 2010, the Clerk denied some of the costs Guidance Endodontics sought. The Clerk disallowed costs totaling $23,403.99 that Guidance Endodontics sought under 28 U.S.C. § 1920 for the trial and hearing transcripts, because "Plaintiff has failed to show that the transcripts and tapes were authorized in advance or requested by the Court" under D.N.M.LR-Civ. 54.2(a). Clerk's Order at 3. The Clerk also denied Guidance Endodontics $520.00 it incurred deposing Todd Gunter and $952.83 it incurred deposing William "Ben" Johnson, stating that, "[s]ince these witnesses did not testify at the trial, the deposition costs are deemed not reasonably necessary to the litigation and are not recoverable." Clerk's Order at 3.

Guidance Endodontics moves the Court to review the Clerk's Order and reverse it to the extent that it disallows costs sought in Guidance Endodontics, LLC's Motion to Tax Costs. Guidance Endodontics asserts that the costs for the trial and hearing transcripts are permissible under 28 U.S.C. § 1920. Guidance Endodontics also asserts that the Clerk is mistaken about Johnson not testifying, because Johnson testified at trial. See Trial Transcript, Oct. 6, 2009, at 116-169. Guidance Endodontics further asserts that the Court should find that it was reasonably necessary to

obtain Gunter's deposition transcript because he appeared on the Defendants' Witness List, filed September 3, 2009 (Doc. 293).

On August 24, 2010, the Defendants filed their Response in Opposition to Guidance's Motion for Review of Clerk's Order Settling Costs (Doc. 615)("Response"). See Doc. 619. The Defendants assert that the Clerk properly denied Guidance Endodontics' request for the hearing and trial transcript costs, because Guidance Endodontics did not seek prior authorization pursuant to the local rules, and, the Defendants argue, the local rules limit the Court's discretion under 28 U.S.C. § 1920. The Defendants concede that the deposition costs are appropriate. See Response at 2 n.1 ("In light of Guidance's showing, albeit delayed, Dentsply/TDP does not dispute Guidance's request in its Motion to Review for the deposition costs associated with Todd Gunter and William Johnson, i.e. $1,472.83.").

At the hearing, Guidance Endodontics conceded that "the local rule was not complied with," and that it has no evidence that "anyone asked or that the Court authorized the transcripts beforehand." Transcript of Hearing at 355:13-17 (taken September 2, 2010)(Kiehne)("Tr."). See id. at 357:17-18 (Kiehne)("[I]f we were only relying on the local rule, we would lose."). Guidance Endodontics argues, rather, that the local rules do not limit the Court's discretion, but that it can proceed under 28 U.S.C. § 1920, as well, which provides that costs for transcripts can be awarded where the "transcripts necessarily obtained for use in the case." Tr. at 355:18-22 (Kiehne). Guidance Endodontics asserts that the Defendants do not contend that the trial transcripts were not necessarily obtained, because both parties and the Court relied heavily upon them, making the only issues whether D.N.M.LR-Civ. 54.2 limits the Court's discretion under the federal statute. See Tr. at 355:23-356:3 (Kiehne). Guidance Endodontics also does not dispute the local rules have the force

of law, but contends that the local rule does not limit the Court's authority under 28 U.S.C. § 1920. See Tr. at 356:20-25 (Kiehne).

## ANALYSIS

The Court grants Guidance Endodontics' Motion. The Court applies a de novo standard in reviewing the Clerk's taxation order. See Furr v. AT&T Technologies., Inc., 824 F. 2d 1537, 1550 n.11 (10th Cir. 1987). "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The United States Court of Appeals for the Tenth Circuit "has held that Rule 54(d) creates a presumption that the prevailing party shall recover costs." Klein v. Grynberg, 44 F. 3d 1497, 1506 (10th Cir. 1995)(citations omitted). The district court "must provide a valid reason for not awarding costs to a prevailing party." Utah Animal Rights Coalition v. Salt Lake County, 566 F.3d 1236, 1245 (10th Cir. 2009)(quoting Cantrell v. Int'l Bhd. of Elec. Workers, 69 F. 3d 456, 459 (10th Cir. 1995)). "[T]he burden is on the prevailing plaintiffs to establish the amount of compensable costs and expenses to which they are entitled." Mares v. Credit Bureau of Raton, 801 F. 2d 1197, 1208 (10th Cir. 1986)(citations omitted).

Section 1920 of Title 28 of the United Sates Code provides: "A judge or clerk of any court of the United States may tax as costs the . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). The "[w]ord 'may' was substituted for 'shall' before 'tax as costs,' in view of Rule 54(d) of the Federal Rules of Civil Procedure, providing for allowance of costs to the prevailing party as of course 'unless the court otherwise directs.'" 28 U.S.C. § 1920 Revision Notes and Legislative Reports. A district court "may adopt and amend rules governing its practice. A local rule must be consistent with -- but not

duplicate -- federal statutes." Fed. R. Civ. P. 83. D.N.M.LR-Civ. 54.2 provides, in relevant part:

> **(a) Transcripts.** The cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription.
>
> **(b) Deposition Costs.**
>
>> **(1) Reporter's Transcript Fees.** The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.
>>
>> **(2) Reasonably Necessary to the Litigation.** A deposition is reasonably necessary to the litigation when:
>>
>>> **(A)** a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
>>>
>>> **(B)** the deposition is used by the Court in ruling on a motion for summary judgment; or
>>>
>>> **(C)** the Court so determines.

D.N.M.LR-CIV. 54.2(a), (b). "Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court." Callicrate v. Farmland Indus., Inc., 139 F. 3d 1336, 1340 (10th Cir. 1998).

**I.   THE LOCAL RULE DOES NOT LIMIT THE COURT'S STATUTORY AUTHORITY UNDER 28 U.S.C. § 1920.**

The essential issue before the Court is whether D.N.M.LR-Civ. 54.2 circumscribes the Court's authority under 28 U.S.C. § 1920, or whether it is an independent source of authority for the Court to award costs. Guidance Endodontics did not seek prior approval of its request for trial and hearing transcripts. Accordingly, Guidance Endodontics concedes that it is not in compliance with D.N.M.LR-Civ. 54.2, which provides: "The cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription." D.N.M.LR-Civ. 54.2. Instead of seeking waiver of the requirements of D.N.M.LR-Civ. 54.2,

Guidance Endodontics attempts to avoid its failure to comply with the local rule by arguing that 28 U.S.C. § 1920 provides an "alternative" basis for recovering its transcription costs. Motion at 1. Section 1920 of Title 28 of the United Sates Code provides: "A judge or clerk of any court of the United States may tax as costs the . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). The Defendants respond that the local rule limits the Court's statutory authority.

Opinions from this District have divided whether D.N.M.LR-Civ. 54.2 and § 1920 should be read together or as alternatives to each other. Compare Neito v. Kapoor, No. CIV 96-1225 MV/JHG, Memorandum Opinion and Order at 4 (D.N.M. June 12, 2001)(Doc. 397)(holding that a party can recover costs under either D.N.M.LR-Civ. 54.2 or 28 U.S.C. § 1920), with Martinez v. Co2 Services, Inc., No. CIV 99-0033 JC/DJS, Memorandum Opinion and Order at 2 (D.N.M. Mar. 8, 2001)(Doc. 117)("Local Rule 54.2(b) circumscribes § 1920(2) by allowing deposition costs only when the deposition is reasonably necessary to the litigation."). Neither district court opinion that has reached this issue has addressed the Tenth Circuit's relevant opinions on the matter.

In Marathon Ashland Pipe Line LLC v. Maryland Casualty Co., 243 F.3d 1232 (10th Cir. 2001), the Tenth Circuit, addressing the local rules of the United States District Court for the District of Wyoming, stated:

> The district court, in its final order, granted Maryland Casualty's motion for deposition costs amounting to $1,114.75, without responding to Marathon's strenuous objection. Marathon appeals this grant of costs, asserting that the district court violated its local rule and therefore abused its discretion. As the district court's power to grant costs is discretionary, we accordingly review its grant for an abuse of that discretion. See Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995).
>
> "Although a federal statute provides that a judge may tax deposition expenses as costs if the depositions are 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, a more stringent local district court rule allows costs only for depositions

> received in evidence." Hernandez v. George, 793 F.2d 264, 268-69 (10th Cir. 1986). Local Rule 54.2(f) addresses when the district court here will allow costs, and subsection (2)(D) sets forth the following:
>
>> Costs of depositions are taxable if the depositions or portions thereof were read into evidence at trial in lieu of the appearance of the deponent; or if the deposition is used at trial to impeach a witness on the witness stand with his/her prior testimony; or it is necessary during the course of trial that a witness's recollection be refreshed from his/her deposition testimony.
>
> D. Wyo. L.R. 54.2(f)(2)(D). <u>From this rule it is clear that the district court is only empowered under its own rules to grant costs in three separate situations, all of which involve using evidence from the deposition at trial</u>. This case was decided prior to trial. <u>The record does not reflect that the court was intentionally overlooking its local rule and exercising its more general statutory authority</u> as Maryland Casualty suggests. In any event, since we are reversing the grant of summary judgment in favor of Maryland Casualty, the district court will need to redetermine costs when these proceedings become final. Consequently, we reverse the grant of deposition costs to Maryland Casualty.

243 F.3d at 1253-54 (emphasis added). The Defendants argue that the Tenth Circuit's language that, "[f]rom this rule it is clear that the district court is only empowered under its own rules to grant costs in three separate situations," stands for the proposition that "'the district court is only empowered' to grant those costs that are permitted under its own local rules." Response at 4. Guidance Endodontics replies that, when the language is read in context, it is clear that the Tenth Circuit is not saying that the local rule invariably controls and limits § 1920, but that it merely said that the local rule provided three bases on which the district court may award costs, and that the district court did not appear to be relying on § 1920; Guidance Endodontics contends that the Tenth Circuit's language implicitly recognizes that § 1920 provides independent authority to award costs. See Tr. at 359:5-12 (Kiehne). Guidance Endodontics also notes that, because the Tenth Circuit remanded the decision, it did not decide the issue.

      In its opinion in Marathon Ashland Pipe Line LLC v. Maryland Casualty Co., the Tenth

-8-

Circuit relied on its holding in Hernandez v. George, 793 F.2d 264 (10th Cir. 1986), in which it addressed "questions concerning the amount of the award and the extent to which local rules are binding on the district court." 793 F.2d at 265. The Tenth Circuit held that the United States District Court for the District of New Mexico a district court did not abuse its discretion in denying deposition and court reporting costs:

> [W]e . . . consider whether it was error for the district court to deny costs for depositions and court reporting. <u>Although a federal statute provides that a judge may tax deposition expenses as costs if the depositions are "necessarily obtained for use in the case," 28 U.S.C. § 1920, a more stringent local district court rule allows costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment, D.N.M.R. 15(d), Fed. R. Serv. Local Ct. R., N.M., p. 11 (Callaghan). The district judge applied the local rule and denied the deposition expenses because the depositions at issue were used only for settlement purposes</u>. This case presents no special circumstances suggesting that the local rule should not be applied. We find the district judge did not abuse his discretion in applying the local rule.

Hernandez v. George, 793 F.2d at 268-69 (emphasis added). Guidance Endodontics contends that the emphasized language demonstrates that the Tenth Circuit recognizes a district court's discretion to choose whether to apply the federal statute or the local rule. See Tr. at 359:13-360:12 (Radzely). Nothing in Hernandez v. George states that the district court was required to apply the local rule. The Tenth Circuit noted that "federal statute provides that a judge may tax deposition expenses as costs if the depositions are 'necessarily obtained for use in the case,'" Hernandez v. George, 793 F.2d at 268-69, and did not state that the local rule abrogated the district court's statutory authority. The Tenth Circuit in Hernandez v. George held only that the district court did not abuse its discretion in apply the more stringent local rules, and not that it was required to apply it.

The Court agrees that the local rule is an alternative basis on which the Court can base its authority to award costs. The Tenth Circuit appears to recognize that district courts have "more

general statutory authority" under 28 U.S.C. § 1920, beyond their local rules. Marathon Ashland Pipe Line LLC v. Maryland Casualty Co., 243 F.3d at 1254 ("The record does not reflect that the court was . . . exercising its more general statutory authority."). The Tenth Circuit also appears to recognize that district courts have discretion to apply "a more stringent local district court rule" when "no special circumstances suggest[ ] that the local rule should not be applied," despite a more general federal statute. Moreover, rule 54.2's plain language does not appear to limit the court's authority under 28 U.S.C. § 1920. D.N.M.LR-Civ. 54.2(a) states: "The cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription." It does not include limiting terms, such as a statement that such a cost "is only taxable" when so requested. In contrast, another provision of rule 54.2 expressly limits the Court's authority under 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs . . . [c]ompensation of court appointed experts."). See D.N.M.LR-Civ. 54.2(c)(2)("An expert witness fee is not taxable under 28 U.S.C. § 1920 unless the Court, *sua sponte* or on motion by a party, appoints the expert and approves the fee amount."). The Court concludes, therefore, that D.N.M.LR-Civ. 54.2(a) supplements, and does not circumscribe, 28 U.S.C. § 1920(2). Cf. Zahran v. Cleary Bldg. Corp., 2 F. App'x 497, 499 (7th Cir. 2001)("[C]opies of papers necessarily obtained for use in the case are recoverable under Eastern District of Wisconsin Local Rule 9.02(d) and 28 U.S.C. § 1920(4);  . . . and deposition costs are recoverable under Eastern District of Wisconsin Local Rule 9.02(b) and 28 U.S.C. § 1920(2)." (emphasis added)); Matima v. Celli, 228 F.3d 68, 82 (2d Cir. 2000)("[T]he district court properly awarded Ayerst costs in the amount of $4,520.05, pursuant to Local Rule 54.1(a) and 28 U.S.C. § 1920."  (emphasis added)); In re Baby Food Antitrust Litig., 166 F.3d 112 (3d Cir. 1999)("[T]o the extent that it conflicts with Section 1920, L.

Civ. R. 54.1(g)(7) must give way." (citing Fed. R. Civ. P. 83 ("A local rule must be consistent with -- but not duplicate -- federal statutes . . . ."))); Disc Golf Ass'n, Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1010 (9th Cir. 1998)(rejecting a party's argument that an award of costs did not conform to a local rule, because "[t]hat local rule is based on 28 U.S.C. § 1920(4) . . . . Under that statute, the copies need not actually have been used as evidence to justify an award of costs").

Moreover, the Court would award Guidance Endodontics costs under D.N.M.LR-Civ. 54.2(a). In Hernandez v. George, the Tenth Circuit stated:

> This court has recognized that local rules are binding in some circumstances. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir.1980), cert. denied, 450 U.S. 918, . . . (1981); Woods Constr. Co. v. Atlas Chemical Indus., 337 F.2d 888 (10th Cir. 1964). See also Lance, Inc. v. Dewco Services, 422 F.2d 778 (9th Cir. 1970). This court has also recognized that district courts have discretion in applying local rules. In Smith, we stated "[c]onsiderable deference is accorded to the district court's interpretation and application of their own rules of practice and procedure." Smith, 626 F.2d at 796 (citing Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992 [10th Cir.1978]). See also Lance, 422 F.2d at 784. Furthermore, an unnumbered provision in the New Mexico District Court Rules provides that "[a]ny of the foregoing rules shall be subject to waiver by any judge as may be necessary to meet unusual circumstances or to avoid injustice." Fed. R. Serv. Local Ct. R., N.M., p. 17 (Callaghan).

793 F.2d at 266-67. The Tenth Circuit noted that, in prior cases, it found that district courts abused their discretion when they did not require parties to comply with the local rules, and the parties' actions undermined the policies underlying the local rules. The Tenth Circuit noted that in Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980), cert. denied, 450 U.S. 918 (1981), it reversed a district court's decision to allow expert testimony beyond the scope of what was disclosed in a pre-trial summary, as required under the local rules applicable to the case. The Tenth Circuit held that the district court's decision abused its discretion, because allowing the testimony undermined the policies underlying discovery of "narrowing the issues and eliminating surprise," and "allowing

advance knowledge of opposing expert witnesses' testimony," which "is necessary for effective cross-examination and rebuttal." Hernandez v. George, 793 F.2d at 267. The Tenth Circuit also noted that, in Woods Construction Co. v. Atlas Chemical Industries, 337 F.2d 888 (10th Cir. 1964), it reversed a district court's decision allowing a motion for attorney's fees after the deadline for filing the motion had passed, because the decision undermined the policy that motivated the rule -- namely, providing "a time limit for the conclusion of the litigation in the trial court when further procedural steps depend on action of a party," because a "case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose." Hernandez v. George, 793 F.2d at 267. The Tenth Circuit derived from these cases the principle that district courts do not have discretion to deviate from local rules when doing so undermines the underling policy of the rule: "Thus, it is implicit in our decisions in Smith and Woods that, although district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d at 267.

Applying this standard, the Tenth Circuit held, among other things, that the district court had not abused its discretion in allowing the plaintiffs to recover attorneys' fees and costs despite their motion being untimely under the local rules:

> In the present case, the district judge found that failure to adhere to time limits set by the local rules did not bar plaintiffs' claim given the particular circumstances of the case. He specifically recognized that time limits in local rules must be adhered to when the purposes underlying the rules will be served. The policies underlying the rules at issue in this case are judicial efficiency and finality. Woods, 337 F.2d at 891. The district judge examined the facts of this case in light of these policies. He concluded that the purposes for which the rules were drafted would not be served under the present circumstances by strictly enforcing the rules. Plaintiffs' claim for attorneys' fees and costs was not a stale claim. Opposing counsel knew of the claim months before the final judgment and continued to engage in

> negotiations for ten months.
>
> The district judge specifically noted that not only would the policy underlying the rules not be served by adhering to them in this case, another significant policy would be undermined. He stated that an important policy of the court is encouragement of settlements, including settlement of attorneys' fees demands. He concluded that holding that plaintiffs are time-barred because of their extensive negotiations would discourage settlements.
>
> The district judge adequately considered the policy interests to be served in declining to apply the local rules in this case. We cannot say that he abused his discretion.

Hernandez v. George, 793 F.2d at 267-68.

Similarly, in this case, "the purposes for which the rules were drafted would not be served under the present circumstances by strictly enforcing the rules." Hernandez v. George, 793 F.2d at 267. The policies underlying the requirement that litigants seek authorization from the Court before requesting a transcript is to avoid needless or excessive expenses in producing the transcripts and to provide notice to the opposing party of costs that may be shifted. Allowing Guidance Endodontics to recover its hearing and trial transcript costs does not undermine these policies. The parties do not dispute that the parties and the Court extensively used the hearing and trial transcripts. The parties' and the Court's extensive use of the transcripts demonstrates that the cost of producing the transcript was not needless, and the Defendants do not contend, and the Court has no reason to suspect, that the cost was excessive. In other words, there does not appear to be any dispute that the transcripts were reasonably necessary to the litigation under the Federal Rules of Civil Procedure. Additionally, because the Defendants were aware of, and extensively used, the transcripts, the underlying policy of providing them notice was also served; the Defendants knew that the transcripts were being produced. While Guidance Endodontics did not seek the authorization the local rules require, the Defendants extensive use of the transcripts put them on notice that Guidance

Endodontics would likely seek to recover the costs of producing the transcripts. Consequently, the Court concludes that, even if the local rules circumscribed its discretion to authorize costs, under the local rules the Court would have discretion to waive the local rule to avoid injustice, this waiver would be consistent with the policy that underlies D.N.M.LR-Civ. 54.2(a), and the Court would allow Guidance Endodontics to recover its hearing and trial transcript costs. The Court would therefore, were it bound by the local rules, waive the D.N.M.LR-Civ. 54.2(a)'s requirement, because it would be an injustice not to award Guidance Endodontics the costs of producing the transcript, of which the Court and parties made great use, and doing so does not undermine the policy underlying D.N.M.LR-Civ. 54.2(a). See D.N.M.LR-Civ. 1.7 ("These rules may be waived by a Judge to avoid injustice").

## II. THE COURT WILL GRANT GUIDANCE ENDODONTICS' MOTION FOR DEPOSITION COSTS.

The Clerk denied Guidance Endodontics the $520.00 it incurred in deposing Gunter and the $952.83 it incurred deposing Johnson, stating that, "[s]ince these witnesses did not testify at the trial, the deposition costs are deemed not reasonably necessary to the litigation and are not recoverable." Clerk's Order at 3. With regard to Johnson, the Clerk was mistaken. Johnson testified at trial. See Trial Transcript, Oct. 6, 2009, at 116-169. Thus, the $952.83 in costs should be awarded under the standard used by the Clerk. With regard to Gunter, a judge in this district has previously held that depositions may be "reasonably necessary" where the deponents were listed on the losing party's witness list for trial. Carleton v. Wal-Mart Stores, Inc., No. CIV 99-0965 MV/DJS, Memorandum Opinion and Order at 3-4 (Doc. 111)(D.N.M. Feb. 6, 2001). Moreover, the Defendants no longer contest awarding Guidance Endodontics costs for Gunter's and Johnson's depositions. The Court therefore awards Guidance Endodontics' request for deposition costs.

**IT IS ORDERED** that Guidance Endodontics, LLC's Motion for Review of Clerk's Order Settling Costs (Doc. 612), filed August 10, 2010 (Doc 615), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff and Counter Defendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Bannerman & Johnson, PA
Albuquerque, New Mexico

-- and --

R. Ted Cruz
Morgan Lewis & Bockius, LLP
Houston, Texas

-- and --

Howard M. Radzely
W. Brad Nes
Morgan Lewis & Bockius, LLP
Washington, D.C.

*Attorneys for the Defendants and Counter Plaintiffs*