IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUIDANCE ENDODONTICS, LLC,
a New Mexico Limited Liability Company,

       Plaintiff,

vs.                                                              No. CIV 08-1101 JB/RLP

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Defendants,

and

DENTSPLY INTERNATIONAL, INC.
and TULSA DENTAL PRODUCTS, LLC,

       Counter Plaintiffs,

vs.

GUIDANCE ENDODONTICS, LLC
and DR. CHARLES GOODIS,

       Counter Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Dentsply/TDP's Motion to Stay Execution of Judgment Pending Disposition of Dentsply/TDP's Post-trial Motions, filed April 9, 2010 (Doc 540)("Motion"). The Court held a hearing on September 1 and 2, 2010. The primary issues are: (i) whether the Court should enter an order pursuant to rule 62(b) of the Federal Rules of Civil Procedure staying execution and/or enforcement of judgment pending the resolution of post-trial motions in this case; and (ii) whether the Court should exercise its discretion under rule 62 to waive

the requirement that the Defendants post a bond securing the judgment.  Because the parties agree to the stay, the Court will issue the stay.  The Court denies the Defendants' request to forgo a bond securing the judgment as moot.

## FACTUAL BACKGROUND

This case concerns a lawsuit that Guidance Endodontics, a small endodontic-equipment company, brought against the Defendants, who are both Guidance Endodontics's rivals and its suppliers.  More background on the lawsuit generally is set forth in the Court's earlier opinions. See, e.g., Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. CIV 08-1101 JB/RLP, 2008 WL 6013069, at *1-5 (D.N.M. Dec. 15, 2008)(Browning, J.); Memorandum Opinion and Order, filed March 30, 2011 (Doc. 629).  The Court will not recite the case's factual background here.

## PROCEDURAL BACKGROUND

On November 21, 2008, Guidance Endodontics filed a Verified Complaint and Demand for Jury Trial.  In the Complaint, Guidance Endodontics made seven claims for relief: (i) breach of contract based on the Defendants' refusal to supply obturators, see Complaint ¶¶ 158-68, at 30-31; (ii) breach of contract based on the Defendants' refusal to supply endodontic files, see Complaint ¶¶ 169-79, at 31-32; (iii) breach of the implied covenant of good faith and fair dealing, see Complaint ¶¶ 180-87, at 32-33; (iv) violation of the Delaware Deceptive Trade Practices Act, see Complaint ¶¶ 188-97, at 33-34; (v) violation of the NMUPA, see Complaint ¶¶ 198-207, at 34-35; (vi) violation of § 43(a)(1)(B) of the Lanham Act, see Complaint ¶¶ 208-16, at 35-36; and (vii) tortious interference with existing and prospective contractual relations, see Complaint ¶¶ 217-26, at 36-37.  On the way to trial, the Court dismissed several of these claims.

The Court presided over a three-week jury trial of this case from Monday, September 21,

2009 through Thursday, October 8, 2009.  See Clerk's Minutes at 1, filed September 21, 2009 (Doc. 439).  After deliberations in this case, the jury awarded $4.08 million in compensatory damages, $200,000.00 in nominal damages, and $40 million in punitive damages in favor of Guidance Endodontics and against the Defendants.  See Redacted Jury Verdict, filed October 9, 2009 (Doc. 441).  The jury also awarded $93,000.00 in compensatory damages in favor of the Defendants and against Guidance Endodontics for false advertising.  See Redacted Jury Verdict at 8.  Based on the jury's verdict, the Court entered a net judgment in Guidance Endodontics's favor in the amount of $44,216,232.88, together with post-judgment interest thereon.  See Amended Final Judgment, filed April 22, 2010 (Doc. 545).

The Defendants move the Court to stay judgment pending resolution of the post-trial motions.  Guidance Endodontics agrees to this stay.  The Defendants further request that the Court waive the requirement that they post a bond securing the judgment while the Court decides the post-trial motions.  Guidance Endodontics objects to this request, and requests that the Court order the Defendants to post a bond for the full damages the jury awarded.

At the hearing, the Defendants noted that, if the Court did not decide their request to waive the bond before deciding the post-trial motions before it, their request would be moot.  See Transcript of Hearing at 328:21-23 (executed September 2, 2010)(Radzely)("Tr.")("[R]elatively soon this motion will be moot if you just don't rule on it and . . . rule on the other motions first."). They further represented that, because they sought only to forgo the bond during the pendency of the post-trial motions, once the Court decided those motions, the Defendants would have to post a bond to stay the Court's judgment pending appeal.  See Tr. at 328:15-20 (Radzely)("If you just did nothing and rendered a decision . . . and we appealed at that point, the automatic stay would kick

in only if we were to post a bond or come back and seek relief from you . . . ."). The Defendants also requested that, if the Court requires them to provide security, they be permitted to submit a letter of credit in place of a bond for the remitted amount. See Tr. at 327:24-328:3 (Radzely). Guidance Endodontics opposed allowing the Defendants to file a letter of credit, noting that banks may fail. See Tr. at 331:10-16 (Flynn). Guidance Endodontics further requested that the bond be for the full jury award and not just the remitted amount. See Tr. at 333:17-23 (Flynn).

## LAW REGARDING STAYS AND SECURITY DURING POST TRIAL MOTIONS

"The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996). Rule 62(b) states:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment -- or any proceedings to enforce it -- pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
>
> (2) under Rule 52(b), to amend the findings or for additional findings;
>
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
>
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b). Similarly, Rule 62(d) allows a party to stay the execution of a judgment, but expressly conditions the stay on the filing of a supersedeas bond that is acceptable to the court:

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

In most cases, a court sets the amount of the bond to cover the full judgment, including costs,

interest, and damages for delay.  See Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006); Olcott v. Del. Flood Co., 76 F.3d 1538, 1559 (10th Cir. 1996).  However, in "unusual circumstances" the court has discretion to waive or reduce the bond requirement.  Miami Int'l Realty Co., 807 F.2d 871, 874 (10th Cir. 1986)(quoting Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1154, 1155 (2d Cir. 1986)).  "[I]f an unsecured stay is to be granted, the burden is on defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical."  Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984).  See Frankel v. ICD Holdings S.A., 168 F.R.D. 19, 22 (S.D.N.Y. 1996); Wilmer v. Bd. of County Comm'rs, 844 F. Supp. 1414, 1419 (D. Kan. 1993)(citation omitted).

## ANALYSIS

Because the parties agree that the Court should stay judgment pending the Court's resolution of the post-trial motions, the Court grants the stay.  Because the Court has decided all of the post-trial motions before it, and the Defendants requested only that the Court waive the bond during the pendency of the post-trial motions, the Court dismisses the Defendants request that it forgo the bond as moot.  Moreover, if the Defendants appeal the remitted judgment, the Defendants must enter a bond to stay the Court's judgment pending appeal.  See Fed. R. Civ. P. 62(d).

**IT IS ORDERED** that Dentsply/TDP's Motion to Stay Execution of Judgment Pending Disposition of Dentsply/TDP's Post-trial Motions, filed April 9, 2010 (Doc 540), is granted in part and denied in part.  The Court grants Dentsply/TDP's request that it stay judgment pending the resolution of the post-trial motions, and denies as moot Dentsply/TDP's request that it forgo

requiring them to post a bond securing the judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kyle C. Bisceglie
Renee M. Zaystev
Olshan, Grundman, Frome, Rosenzweig
  & Wolosky, LLP
New York, New York

-- and --

John J. Kelly
Donald A. DeCandia
Ryan Flynn
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff and Counter Defendants*

Brian M. Addison
  Vice President, Secretary, and General Counsel
Dentsply International, Inc.
York, Pennsylvania

-- and --

Thomas P. Gulley
Rebecca Avitia
Bannerman & Johnson, PA
Albuquerque, New Mexico

-- and --

R. Ted Cruz
Morgan Lewis & Bockius, LLP
Houston, Texas

-- and --

Howard M. Radzely
W. Brad Nes
Morgan Lewis & Bockius, LLP
Washington, D.C.

    *Attorneys for the Defendants and Counter Plaintiffs*